JACK KELLY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

CRIMINAL LAW—ERROR, IF ANY, MUST BE MADE TO APPEAR BY PARTY ALLEGING IT—THIS APPLIES TO RULINGS EXCLUDING EVIDENCE.

Upon the party appealing to an appellate court is the burden of making apparent the errors of which he complains; and where the exclusion of his questions to witnesses is complained of as error, if such questions do not in and of themselves indicate whether the answers thereto will be material or pertinent evidence or not, it is his duty, in order to have the rulings thereon reviewed on appeal, to make an offer at the trial of what he proposes to elicit or prove by such questions so that both the trial and appellate court can determine the

materiality or pertinency of such proposed evidence; if he neglects to do this he fails to make his alleged error to appear, and the appellate court will so adjudge.

This case was decided by Division B.

Writ of Error to the Circuit Court for Holmes County.

The facts in the case are stated in the opinion of the court.

*W. O. Butler,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

TAYLOR, J.—The plaintiff in error was indicted for, and tried and convicted of, the crime of murder in the first degree in the circuit court of Holmes county, and, being recommended by the jury to the mercy of the court, was sentenced to State prison for life, and to have this judgment reviewed brings the case to this court by writ of error.

The two errors assigned are as follows:

1st. That the court erred in refusing to permit the defendant to prove what was said and done by the Register brothers, brothers-in-law of the deceased, on the occasion of their visit to the home of Jack Kelly in March, 1906.

2nd. That the court erred in not granting the motion of the defendant to set aside said verdict and grant a new trial upon the grounds set forth therein.

During the examination in chief of the defendant's wife as a witness for the defense the defendant's counsel moved the court to permit him to prove by said witness what was said and done by the Register boys, brothers-

in-law of the deceased, not including J. R. D. Register, on the occasion of their visit to the home of Kelly in March of 1906. That their conduct on that occasion was very reprehensible, but the court overruled the motion to which exception was taken and this ruling constitutes the first assignment of error.

There was no error in this ruling. The matter offered to be proved does not upon its face show any relevancy or pertinency to any issue in the case. The offer as made was to show what was said and done by other parties than the deceased or the defendant, at the defendant's house at a time several months prior to the homicide, when the deceased was not present, and nothing is shown to connect the sayings and doings of such other third persons on such occasion with either the deceased or the defendant or with the homicide occurring several months afterwards.

In the case of Boykin v. State, 40 Fla. 484, 24 South. Rep. 141, it was held that: "It is the duty of a party appealing to an appellate court to make the errors *apparent* of which he complains; and where in the examination of witnesses on the trial any of his questions have been excluded on objection and such questions do not in and of themselves indicate whether the answers thereto will be material or pertinent evidence or not, it is his duty, in order to have the rulings thereon reviewed on appeal, to make an offer at the trial of what he proposes to elicit or prove by such questions, so that both the trial and appellate court can determine whether the proposed evidence is material or not; otherwise he fails to make his alleged error to appear, and the appellate court will so declare." Starke v. State, 49 Fla. 41, 37 South. Rep. 850.

In the briefs of counsel for the plaintiff in error filed here it is intimated that if this testimony had been elicited it would have disclosed a conspiracy on the part of the

Register brothers and their brother-in-law, the deceased, to kill or to inflict great personal injury upon the defendant. If this was the purpose of the proffered testimony it should have been so stated at the time of its offer, in order to enable the trial court to pass upon its relevancy. An appellate court cannot recognize any assertion of fact made in the briefs of counsel that is not contained in the transcript of record before it for review.

The second assignment of error complains of the denial of the defendant's motion for new trial. This motion was upon the ground that the verdict of the jury is not supported by the evidence.

The evidence for the defense conflicted with that for the prosecution, but the jury by their verdict have settled such conflict by giving their credence to the evidence for the state, and by that evidence the verdict is amply sustained.

Finding no error the judgment of the circuit court in said cause is hereby affirmed, at the cost of the county of Holmes, the plaintiff in error having been adjudged to be insolvent.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.