J. A. GAFF, *Plaintiff in Error,* vs. THE STATE OF FLORIDA, *Defendant in Error.*

138 So. 48.

Division A.

Opinion filed November 23, 1931.

*H. V. McClellan,* for Plaintiff in Error;

*Cary D. Landis,* Atty. Genl., and *Roy Campbell,* Asst. Atty. Genl., for Defendant in Error.

PER CURIAM.—In this case the plaintiff in error was convicted of manslaughter on indictment charging murder in the first degree.

There were three assignments of error. The first two were addressed to the action of the court in refusing certain charges requested by the defendant at the trial. The charges refused did not properly state the law in regard to the right of self defense and, therefore, should have been refused, but aside from this, the law sought to be given to the jury by these charges was fully and correctly stated by the court in its general charge. A person to be entitled to the benefits of the law of self defense must

be free from fault and not the aggressor in the difficulty. Neither of the requested charges mentioned this necessary element.

The third assignment of error questions the sufficiency of the evidence to sustain the verdict.

There was ample substantial evidence as disclosed by the record to have sustained a verdict for a higher degree of unlawful homicide than that of manslaughter. It is true, there are conflicts in the testimony but it is the province of the jury to either reconcile these conflicts, or, failing to do so, to say who was or who was not speaking the truth. The jury resolved the conflicts to some extent against the defendant.

The judgment should be affirmed and it is so ordered.

Affirmed.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.

BROWN, J.—While concurring in the conclusion of the court that no error appears in the ruling of the trial court, or in the charge to the jury, or in the refusal to give certain charges requested by the defendant, and that the judgment should be affirmed, I cannot concur in the statement that there was ample substantial evidence disclosed by the record to have sustained a verdict for a higher degree of unlawful homicide than that of manslaughter. While the evidence was in conflict, and the question was one for the jury to decide, I do not think the evidence would have sustained a conviction for any higher degree of homicide. In fact, the case made out by the State was to my mind far short of being a strong case. There were three eye witnesses to the difficulty; McCroan, the State's witness, Ray Ham, the defendant's witness, and the defendant himself. According to the defendant and his witness, Ham, the deceased, who was much the larger and younger man of the two, had the defendant down on the

ground beating him severely, when the defendant cut the deceased with a knife. This knife wound proved fatal. McCroan testified that the defendant first cut the deceased with a knife and then the deceased knocked the defendant down or flung him down, and that it was then that he got on top of him and beat him with his fist. While McCroan's story of the difficulty, as I read it in the record, does not appear to be as reasonable and consistent as the testimony of the defendant and his witness Ham, the fact remains that the jury had all of these witnesses before them and had an opportunity to judge of their credibility and we cannot say that the trial judge, who also had an opportunity to see and hear the witnesses, was guilty of error in overruling the motion for a new trial. I therefore concur in the affirmance of the judgment below.