## B. N. INMAN v. STATE.

191 So. 12
Division B
(Information No. 10452)
Opinion Filed June 30, 1939
Rehearing Denied September 25, 1939

*Carlton C. Arnow,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

CHAPMAN, J.—On February 25, 1937, plaintiff in error, B. N. Inman, was informed against in the Criminal Court of Record of Duval County, Florida, by the County Solicitor thereof on a charge of obtaining money by false pretenses designedly and with the intent to defraud, falsely pretending * * * that he represented the owner of described property which, for a named price, he could obtain a conveyance to such other parties, and they being deceived by said pretenses were induced to and did part with money and that the defendant below obtained the money knowingly and designedly by false pretenses, with the intent to cheat such persons, whereas in fact the defendant did not represent the owner and had no authority to sell the property.

The defendant entered a plea of not guilty, was placed upon trial, convicted and sentenced to the State prison for a period of one year.

The record shows that counsel for plaintiff in error seasonably filed a motion to quash the information and for a bill of particulars and each was by the lower court overruled. An appeal has been perfected to this Court and a number of assignments argued as error. It appears that the lower court ruled correctly on the motion to quash and the motion for a bill of particulars.

It is next contended that the lower court erred in denying the defendant's motion for a directed verdict, and likewise erred in denying plaintiff in error's motion for a new trial. The State, to maintain its case, offered the testimony of Mr. W. J. Branan and Attorney Fred Noble. It appears that Mr. Noble represented the owners of the land in question in renting the property and collecting the rents. The de-

.fendant entered into an agreement to sell the property for the owner and accepted. $100.00 in cash as part payment, and the testimony shows that defendant did not even know the owner of the property. It is not necessary to discuss the motion for a new trial as there is ample testimony in the record to sustain the verdict of the jury. The defendant did not take the stand. The burden of proof is on the plaintiff in error to make the errors complained of clearly to appear, as every presumption is in favor of the correctness of the ruling of the trial court. See Lewis v. State, 55 Fla. 53, 45 So. 998.

This Court having examined briefs and authorities cited by counsel for the respective parties is of the opinion that there is no error in the record and the ends of justice require that the judgment appealed from should be affirmed. We find no error of law or procedure in the record and the judgment below is hereby affirmed.

TERRELL, C. J., and WHITFIELD and THOMAS, J. J., concur.

BROWN and BUFORD, J. J., dissent.

BUFORD, J. (dissenting).—I think the motion to quash the information should have been granted because it fails to charge any offense·against ·the laws of the State of Florida.

The information attempted to charge a violation of Section 5155 R. G. S., 7258 C. G. L. It is my opinion that the information does not meet the requirements of the rule stated in Clifton v. State, 76 Fla. 244, 79 Sou. 707.

It appears to me that the clear implication of the language of the information is that the alleged victim parted with the money mentioned relying on the promise of the accused that he, the accused, would procure from the owner of certain property a deed conveying the same to the alleged victim. The information does ,not allege that the accused

pretended to, or represented to the alleged victim that he, the accused, had authority to bind the owner to sell and convey the property.

The information charges an immoral act on the part of the accused but not such an act as is within the purview of the statute, *supra*.

BROWN, J., concurs.