**MINNIE LEE BROWN, JULIA MASSEY and BEATRICE McMUL-LAN, v. STATE OF FLORIDA.**

13 So. (2nd) 3            January Term, 1943
April 6, 1943              Division B
Rehearing Denied April 15, 1943

*Scofield & Scofield* and *M. C. Scofield,* for Appellants, Minnie Lee Brown and Julia Massey, and *W. E. Smith,* for appellant Beatrice McMillan, appellants.

*J. Tom Watson,* Attorney General, and *Woodrow M. Melvin,* Assistant Attorney General, and *C. A. Savage,* Assistant State Attorney, for appellee.

SEBRING, J.:

The appellants were convicted of murder in the second degree under an indictment charging them with murder in the first degree. They appeal from the judgment.

The only eye-witness to the homicide was one Archie Blunt, whose testimony was to the effect that the crime was committed by the defendants acting in concert. Having testified in chief, Blunt was cross-examined concerning certain testimony given by him at the coroner's inquest prior to the trial. This cross-examination consisted of reading to the witness fragmentary portions of the testimony that he was supposed to have given at the inquest, and asking him the usual questions as to whether or not he had given such testimony. The witness admitted giving some of the answers attributed to him. Others, he admitted having given in substance, but not in the exact form transcribed. Still others he flatly denied having given at all.

For the purpose of impeaching the witness, the defendants, in their case in chief, introduced a transcript not only

of the precise questions and answers as to which the witness had been interrogated on cross-examination, but certain other portions of his testimony given before the coroner's jury, in connection therewith.

On rebuttal, the state attorney was allowed to place before the jury *all* of the testimony given by the witness at the coroner's inquest. The refusal of the trial judge to exclude this rebuttal evidence is assigned as error.

There was no error in the lower court's ruling. When a witness is sought to be impeached by the introduction of a fragmentary portion of a sworn statement made by him at a former hearing, the other party may then introduce the whole statement, so far as it is connected with, or explanatory of, the part previously introduced, and tends to give a clearer picture of what the witness actually said on the prior occasion than does the fragmentary portion. Powers, et al., v. United States, 5 Cir., 294 F. 512; Blackerby v. Commonwealth, 200 Ky. 832, 255 S.W. 824; Whart Cr. Ev., 11th Ed., Vol. 3, Sec. 1402, p. 2295; Greenleaf on Evidence, 16th Ed., Vol. 1, Sec. 462b, p. 596; Wigmore on Evidence, 3rd Ed., Secs. 1045, 2113; 70 C. J. Sec. 1333, p. 1145.

Of course, this is not to say that the whole testimony is admissible if it is not relevant or material to the precise matter on which the witness has been interrogated, or if its only purpose is to corroborate, or bolster, the testimony presently given by a witness, by reading into evidence a statement made by him at a former hearing. But where, as in this case, the whole statement deals directly with but the one subject matter as to which the witness was sought to be impeached, and is connected therewith and explanatory thereof, it is permissible to admit it in its entirety to show the true meaning of the fragmentary portions as to which was interrogated, and to give the jury the benefit of the entire substance of what was said by him at the former hearing.

All other grounds of appeal have been considered and are found to be without merit.

The case was tried by a judge who appears from the record to have been scrupulously fair to the defendants. It was sub-

mitted to the jury under full and proper instructions. There was sufficient evidence to sustain a verdict of murder in the second degree, if the jury saw fit to believe the testimony of the eye-witness, Archie Blunt.

No error being made to appear, the judgment is affirmed. It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.