### SIDNEY STOREY v. THE STATE OF FLORIDA

13 So. (2nd) 912              June Term, 1943
June 15, 1943                 Division B

*Errol S. Willes,* for appellant.

*J. Tom Watson,* Attorney General, and *Woodrow M. Melvin,* Assistant Attorney General, *Murray Overstreet,* State Attorney, and *Angus Sumner,* Assistant State Attorney, for appellee.

SEBRING, J.:

The appellant, Sidney Storey, was indicted for murder in the first degree. A jury found him guilty of murder in the second degree. This appeal is from the judgment and sentence. The question is whether the evidence is sufficient to sustain the verdict.

The State relies for conviction upon the testimony for four eye-witnesses to the event. Other than these witnesses no one else was at the scene but the appellant, his victim, and one Meredith, who was riding with the appellant at the time of the homicide. Meredith was blind and was not called as a witness. The appellant was the sole witness in his own behalf.

From the State's evidence it appears that the deceased, Frederick William Wiebusch, was an old man approximately 70 years of age. The appellant, Storey, was a young man 24 years of age. There had been no prior trouble or ill feeling between the parties. On September 30, 1942 Storey was operating an A-Model Ford truck upon and along a highway

in St. Lucie County immediately behind a T-Model Ford truck which was being driven by Wiebusch. Both trucks were traveling at a rate of speed not in excess of 15 miles an hour. Wiebusch suddenly brought his truck almost to a stop, for the purpose of turning off the highway and onto an intersecting road. The decrease in speed of the forward truck catching Storey unawares, he was unable to stop his own truck in time to prevent it from bumping into the rear of the truck operated by Wiebusch. This incident apparently angered Storey greatly, for when the collision occurred he sprang from his truck, ran to the truck operated by Wiebusch, cursed him vilely and struck him with his fists about the head and face. In an effort to protect himself from a continuation of this unexpected and unprovoked assault, Wiebusch, from where he sat in the truck, tried to push or kick the appellant away from him with his foot; whereupon Storey seized Wiebusch by the leg, dragged him from the cab of his truck and onto the roadway and there again proceeded to beat him about the head and face. As Wiebusch was jerked feet first from his seat in the truck his head struck the running board and then the pavement of the highway. A few minutes after the assault Wiebusch died without regaining consciousness. His death came either as a result of the blows inflicted, or as a result of the impact of his head with the pavement, or both.

The appellant tells a different story of the events leading up to the death of Wiebusch, but his story is not convincing. According to his version of the affair he had approached the Wiebusch truck immediately after the collision, in a quiet manner and for the sole purpose of asking the deceased why he had not signaled that he was going to stop his truck. But before he was able to propound the question, Weibusch viciously kicked him in the chest, knocking him backward some 5 or 6 feet. When he recovered from the blow he again approached the truck, whereupon Wiebusch kicked at him again. Appellant thereupon seized Wiebusch by the leg to protect himself from further harm and in the ensuing scuffle Wiebusch fell from the truck and struck his head, producing the fatal injury.

We think that the verdict and judgment convicting the appellant of murder in the second degree are amply supported by the evidence. The appellant was a strong, vigorous young man in the prime of life; the deceased, an inoffensive and unoffending old man in his declining years. The appellant assaulted the deceased without warning and beat him to death with his fists for no other reason, apparently, than that his ire had become aroused by the happening of a trivial accident that did no real damage to either truck. The attack was wholly without provocation or justification and was deliberate and inexcusable. Whether death came as a result of the blows inflicted by the appellant, or from the fall on the pavement, or from a combination of both, is immaterial. In either event the appellant must be presumed to have intended the natural ordinary consequences of his wilful and deliberate acts in assaulting the deceased, and to have known that by beating an aged man about the head and face as he did, and dragging him from the truck feet first, serious and fatal injuries might result as a consequence.

To our minds this brutal and unwarranted assault, made at a time when the deceased was not attempting any sort of violence against the appellant, was committed under circumstances that evinced a depraved mind regardless of human life. There is nothing to excuse or mitigate it. It was not the result of accident but was a malicious, unprovoked attack upon a defenseless and unsuspecting old man who had given no cause and who was utterly ignorant of the intended assault.

The judgment is affirmed.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.