John Clarence Melton was convicted of murder in the second degree under two separate indictments which were consolidated for trial, and he appeals.
Affirmed.
The grand jury of Broward County, Florida, in two separate indictments, charged the appellant, John Clarence Melton, with the crimes of murder in the first degree for the unlawful killing of (a) Herbert Melton and (b) W.A. Roberts. According to the record, the appellant shot and killed the two men about dark on the night of December 24, 1946, in front of a plumber's shop in the Town of Hollywood. The two indictments were consolidated for trial by consent of counsel for the State and the appellant and upon approval of the trial court. The issues were submitted to a jury but separate verdicts were rendered and judgments entered thereon. The trial court and counsel for the parties referred to the cases in the court below as Case No. 1 and Case No. 2.
The first contention made here is that the evidence is legally insufficient to support the verdicts of murder in the second degree. The appellant was a brother of Herbert Melton and three of the Melton boys operated a plumbing business in Hollywood, where W.A. Roberts and others had been employed. Members of the Melton family were having a family reunion on the day of the killing and had invited their employees to an apartment of one of the Meltons in Hollywood, where they were celebrating by eating and drinking. The record reflects that the several members of the party had each consumed more whiskey than was necessary. It is a reasonable inference to be drawn from all the testimony that the appellant was so intoxicated that he did not know what he was doing when he fired on his brother and fellow employee Roberts.
It is true that some few minutes prior to the shooting the appellant was roughly handled at the apartment, but such conduct may be expected when a group of "drunks" congregate and desire excitement or entertainment. The appellant left the apartment shortly thereafter and went to the plumber's shop where he kept his pistol, unlocked his tool chest, obtained the pistol and plenty of ammunition, and returned to the front of the shop about the time his brother, Herbert Melton, and W.A. Roberts arrived in a car. He shot and killed the two men without giving much warning. The jury heard the disputes and conflicts in the evidence and by the verdicts reduced the charges from murder in the first degree *Page 451 
to second-degree murder. Ample evidence appears in the record to sustain the two verdicts.
It is next contended that the evidence is legally insufficient to show or establish the cause of death of W.A. Roberts. It is not disputed that Roberts was shot by the appellant as he sat in the car driven to the scene by Herbert Melton. We find sufficient evidence to sustain the finding of the jury that the cause of W.A. Roberts' death was due to pistol wounds inflicted by the appellant.
We have examined the other contentions made by counsel for appellant for a reversal of the judgments entered below but we find the same without merit.
Affirmed.
ADAMS, C.J., and SEBRING and HOBSON, JJ., concur.