KANNER, Chief Judge.
Appellant, Eugenio Coto Bega, was charged with murder in the second degree, found guilty of that offense, and sentenced to the minimum statutory period of twenty years in the state prison, from which judgment and sentence he has appealed.
Two points emerge from the appeal, (1) whether the evidence of the state was sufficient to support a finding that the appellant was guilty of murder in the second degree, and (2) whether or not the court erred in failing to rule upon the introduction of a knife offered into evidence by the state.
As to point one, the principal argument of appellant is that the evidence is insufficient to identify appellant as the assailant and that, further, the evidence upon which the conviction was predicated was so contradictory, unsubstantial, and unsatisfactory as to put the jury in the realm of guesswork and speculation.
Sometime around the midnight hour on January 26, 1957, one Epifanio Martinez Lugo, a native of Puerto Rico, died of a knife wound in the heart at “Christine’s Place” in Palmetto, Florida, after having been stabbed in the street nearby. There were two eye witnesses who testified that they actually saw appellant stab the deceased and that deceased was unarmed at the time. A third witness testified that he saw the appellant pull a knife out of his belt and attack the deceased, although he could not say that appellant struck the deceased with the knife. The testimony was also that appellant first slapped the deceased down, then stabbed him, and that deceased got up and ran. Further, there was testimony that appellant was wearing a red shirt and dark trousers with a white stripe down the side at the time of the difficulty. When appellant was apprehended, he had on two pairs of trousers, the inside pair dark with a white stripe down the side; under a wash tub on a washing machine at the house where officers apprehended appellant, they found a red shirt; and *457 about six feet away under the steps of the bouse they found a large knife with bloodstains on the blade. The foregoing is, in substance, the testimony of the state, which is unrefuted.
The only witness on appellant’s behalf was appellant himself. He testified that he had never seen deceased and that he did not know who he was. His explanation for changing his shirt and wearing two pairs of trousers was that he knew the police were looking for someone dressed in clothing such as his.
So it appears that eye witnesses’ accounts, supported by descriptions of the clothing that was worn by the assailant, clearly establish that appellant was the person who stabbed the deceased. Appellant in his brief concedes that' he has not established an alibi defense.
The offense of murder in the second degree is defined:
“When perpetrated by any act imminently dangerous to another, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, * * * Section 782.04, Florida Statutes, F.S.A.
The phrase “evincing a depraved mind regardless of human life” as employed in the statute denouncing murder in the second degree was not intended to be used in a strict technical sense, but the phrase imports the idea of malice in the popular or commonly understood sense of ill will, hatred, spite, an evil intent. Ramsey v. State, 1934, 114 Fla. 766, 154 So. 855; and Huntley v. State, Fla.1953, 66 So.2d 504.
The deceased was not armed, nor did he provoke the fight. He made a desperate attempt to get away from his assailant. No motive for the attack is made to appear. The very nature of the wound and the attack by appellant as described clearly brings this case within the definition of murder in the second degree. See Jones v. State, Fla.1952, 59 So.2d 522; Melton v. State, Fla.1949, 41 So.2d 450; Storey v. State, 1943, 153 Fla. 185, 13 So.2d 912; Brown v. State, 1943, 152 Fla. 698, 13 So.2d 3; and Taylor v. State, 1939, 139 Fla. 542, 190 So. 691, 124 A.L.R. 835.
 As to point number two, the state offered into evidence the knife, to which appellant objected because the evidence did not in any manner link the appellant with the knife. Appellant urges in addition to the failure to connect appellant with the knife that the large and unusual appearance of it tended to prejudice the jury against him.
Appellant, in his contention that the knife should not have been introduced into evidence or allowed to be exhibited, relies upon the case of Deeb v. State, 1937, 131 Fla. 362, 179 So. 894. That case was a homicide trial in which deceased’s clothes, through which shots had been fired, were properly admitted; and it was held that they should not, if objected to, be so exhibited or displayed as to unduly prejudice, excite, or distract the jury, particularly if the garments have a gruesome quality or appearance.
It is to be noted in the Deeb case, certain articles of bloody clothing were placed in a position within two feet of one of the jurors. The defendant objected and moved that the clothing be removed from the immediate view of the jury, submitting that the reason for offering and displaying at length such articles could mean only that the same was done to prejudice the jury against the defendant. We have no such situation here.
It appears that- the testimony of three witnesses identified appellant as the assailant, establishing that he had in his hand a large knife of the type known as “dutch” or “cochia” or “dagger”, that such a knife, the blade stained with blood, was found on the morning after the Saturday night killing underneath the steps of the house to which appellant had gone, where *458 he was apprehended wearing the two pairs of pants, and near the place where the red shirt was found, which shirt was introduced into evidence by the state without objection; and the testimony shows that the knife was in the possession of the officers from the time of its discovery. Neither the state nor the court in any way drew unusual attention to the appearance of the knife, nor did they place by word or action any unusual importance on the knife, but it was merely identified by the officers and introduced, as the court stated, “for the jury to determine from the evidence what it is worth”. Under the particular circumstances as here stated, it cannot be said that the court committed prejudicial error in permitting the introduction of the knife into evidence in the manner in which it was done.
The court fairly and adequately charged the jury, and we must conclude that the judgment and sentence should be affirmed.
Affirmed.
ALLEN and SHANNON, JJ., concur.