172 So.2d 24 (1965)
Ray Arnold CRUM, Appellant,
v.
The STATE of Florida, Appellee.
No. 64-428.
District Court of Appeal of Florida. Third District.
February 16, 1965.
Rehearing Denied March 9, 1965.
Prebish & Gautier, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Arden Siegendorf, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and CARROLL and HORTON, JJ.
PER CURIAM.
The appellant was tried non-jury and convicted of second degree murder in the Criminal Court of Record in and for Dade County, Florida, and sentenced to a term of 20 years. He appeals and urges error in the following particulars: That the evidence failed to disclose that he was sane at the time of the commission of the act charged, or that the act was a result of excusable homicide or self defense; that the conviction was not supported by the evidence; that a statement taken from him by investigating officers was violative of his constitutional rights against self-incrimination, particularly when said statement was made prior to his being taken before a committing magistrate.
As to his sanity, the evidence was in conflict and it was within the province of *25 the trier of fact to resolve the conflict in favor of the sanity of the defendant. See: Crews v. State, 143 Fla. 263, 196 So. 590; Acree v. State, 153 Fla. 561, 15 So.2d 262. As to the alleged justifiable homicide or self defense, it is apparent from the evidence that the defendant commenced the physical altercation by grabbing the victim and shaking her and therefore, having been the instigator of the altercation, is not in a position to urge self defense. See: Gaff v. State, 103 Fla. 642, 138 So. 48; Mixon v. State, Fla. 1952, 59 So.2d 38.
In examining a record to determine if there is sufficient evidence to support a verdict or the conclusion of the trier of fact, an appellate court need only find substantial, competent evidence to support the verdict. See: Zalla v. State, Fla. 1952, 61 So.2d 649; Lee v. State, Fla.App. 1963, 153 So.2d 351; Sharon v. State, Fla.App. 1963, 156 So.2d 677. The verdict or judgment of guilt having arrived in this court with a presumption of correctness (see: Taylor v. State, 139 Fla. 542, 190 So. 691, 124 A.L.R. 835; Inman v. State, 139 Fla. 789, 191 So. 12; San Fratello v. State, Fla. App. 1963, 154 So.2d 327), all inferences to be drawn from the evidence are to be in favor of the verdict or judgment of guilt. See: Cameron v. State, Fla.App. 1959, 112 So.2d 864; Boyd v. State, Fla.App. 1960, 122 So.2d 632. Measuring the record in the instant case in light of these principles, we find substantial, competent evidence to support the trial court's action and, therefore, it will be sustained.
As to the question of the propriety of admitting into evidence the statement of the accused, first there is no requirement in this State that an accused be taken before a committing magistrate before a statement can be taken from him. See: Stanley v. State, Fla.App. 1960, 124 So.2d 743; Leach v. State, Fla. 1961, 132 So.2d 329. It is apparent that the accused was advised of his constitutional rights prior to the execution of the formal statement. Therefore, we find no error in the admission of same in evidence. Counsel for the appellant relies heavily upon the recent cases of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; People v. Dorado, 61 Cal.2d 892, 40 Cal. Rptr. 264, 394 P.2d 952, and Reddish v. State, Fla. 1964, 167 So.2d 858. These cases are distinguishable from the instant case, holding as follows:
In Escobedo v. State of Illinois, supra, the United States Supreme Court held the confession inadmissible because the police denied the suspect the opportunity to consult with his attorney after the suspect had made repeated requests to do so prior to giving his confession, and had failed to warn the suspect of his absolute constitutional right to remain silent.
In People v. Dorado, supra, the California Supreme Court expanded the holding of Escobedo v. State of Illinois, supra, by holding a confession inadmissible where the defendant had never been informed of his right to counsel or his right to remain silent even though he never requested to consult counsel, saying "* * * that the constitutional right to counsel precludes the use of incriminating statements elicited by the police during an accusatory investigation unless that right is intelligently waived; that no waiver can be presumed if the investigating officers do not inform the suspect of his right to counsel or his right to remain silent.".
However, in the case sub judice, the record on appeal clearly shows the appellant was advised of his constitutional rights at the time of his arrest, which was several hours prior to the time he made his confession.
The facts of Reddish v. State, supra, are completely different from those in the instant case and, as such, Reddish v. State is not applicable. It appears that the question of the admission of the confession should be governed by the principles enunciated by the Supreme Court of Florida in Young v. State, Fla. 1962, 140 So.2d 97.
*26 Therefore, for the reasons stated above, we fail to find reversible error in the conviction and judgment here under review and same is hereby affirmed.
Affirmed.