182 So.2d 264 (1966)
Charles W. WRIGHT, Appellant,
v.
The STATE of Florida, Appellee.
No. 65-435.
District Court of Appeal of Florida. Third District.
February 1, 1966.
Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and TILLMAN PEARSON and BARKDULL, JJ.
PER CURIAM.
By this appeal, the appellant seeks review of a conviction and sentence for armed robbery. The only point urged for reversal is that the evidence was legally insufficient to establish the identity of the culprit. The appellant admits that the victim of the robbery, Claude Bowman, positively identified him as the robber. Although the appellant took the stand and gave a different account of his presence on the night of the robbery, he offered no corroborating witnesses to establish an alibi, nor did he in any other fashion present a defense which might have raised a reasonable doubt in the mind of the trier of the facts.
The judgment of conviction arrived in this court with a presumption of correctness. See: Inman v. State, 139 Fla. 789, 191 So. 12; San Fratello v. State, Fla.App. 1963, 154 So.2d 327; Crum v. State, Fla.App. 1965, 172 So.2d 24.
Once the issue of the identity of a criminal defendant was decided by the trier of facts, the sole authority of this appellate court is to review the record to determine whether it contains sufficient, competent, substantial evidence which, if believed, would support the verdict of guilty. See: Dixon v. State, 143 Fla. 277, 196 So. 604; Eizenman v. State, Fla.App. 1961, 132 So.2d 763; Crum v. State, supra. As stated *265 by the Supreme Court of Florida in State v. Sebastian, Fla. 1965, 171 So.2d 893:
* * * * * *
"[4] We know of no statute or case law in this jurisdiction which requires more than one witness in a criminal case nor do we believe it proper for an appellate court to reverse a conviction of guilt upon the basis of insufficiency of the State's evidence merely because the State produced but one witness and his testimony was contradicted by the defendant. * * *" [emphasis supplied]
* * * * * *
We find ample evidence from the record to support the finding of the trier of fact.
Therefore, pursuant to the law of this State, we are required to affirm the conviction, judgment and sentence under review.
Affirmed.