191 So.2d 68 (1966)
Willie C. WALDEN, Appellant,
v.
STATE of Florida, Appellee.
No. H-186.
District Court of Appeal of Florida. First District.
October 20, 1966.
*69 T. Edward Austin, Jr., Public Defender, Louis O. Frost, Jr. and Charles J. Franson, Asst. Public Defenders, for appellant.
Earl Faircloth, Atty. Gen., and T.T. Turnbull, Asst. Atty. Gen., for appellee.
BARKDULL, THOMAS H., JR., Associate Judge.
The Appellant was informed against for the offense of second degree murder. Following a jury trial, he was found guilty, adjudicated and sentenced accordingly. He has prosecuted this appeal and preserved for review solely the question of the sufficiency of the evidence to support the verdict.
The verdict arrived in this court with a presumption of correctness. See: Inman v. State, 139 Fla. 789, 191 So. 12; San Fratello v. State, Fla.App. 1963, 154 So.2d 327; Crum v. State, Fla.App. 1965, 172 So.2d 24. At this stage of the proceedings, all conflicts in the evidence are resolved in favor of the verdict. See: Cameron v. State, Fla.App. 1959, 112 So.2d 864; Boyd v. State, Fla.App. 1960, 122 So.2d 632; Crum v. State, supra.
This was a typical "juke-joint" brawl in which the deceased and the appellant became involved in an altercation and, after they had separated, the appellant proceeded to leave the premises by the front door. When he approached the door, he drew a dangerous weapon, to wit: a 38 Colt Automatic, and discharged it at the deceased, striking her in the head and killing her instantly. At this time, the deceased was some distance from the appellant and attempting to leave the premises by a rear door. She was not threatening the appellant and was, in fact, attempting to get away from him. From the pictures which were introduced into evidence, it appears that the "juke-joint" consisted of a one-story rectangular building with a door at either end. Almost at the rear of the building, there was a bar and a gate separating it from the public area which had, within it, a pin ball machine, a juke box and a pool table. As indicated, after the parties separated the appellant backed towards the front door, passed the pin ball machine, the juke box and the pool table, and then discharged the dangerous weapon at the deceased while there were other persons present and without any immediate provocation.
Such conduct on the part of the appellant was sufficient for the jury to find that his conduct amounted to an act imminently dangerous to another, and evincing a depraved mind regardless of human life. Therefore, there was sufficient evidence in the record to support the verdict [see: Rivers v. State, 75 Fla. 401, 78 So. 343; Bega v. State, Fla.App. 1958, 100 So.2d 455; Darty v. State, Fla. App. 1964, 161 So.2d 864], and same will not be disturbed.
The verdict, adjudication and sentence here under review is hereby affirmed.
Affirmed.
RAWLS, C.J., and SACK, J., concur.