BARKDULL, Judge.
By this appeal, we are called upon to review the correctness of an adjudication of guilt, following the filing of an information against the appellant charging him with grand larceny.
From the record on appeal, it appears that the appellant engaged in a scheme to defraud Miami-Dade Junior College, North Campus, of certain funds in the following manner: The appellant was Chairman of the Music Department of Miami-Dade Junior College, North Campus, of Dade County, Florida. In the fall of 1966, as was the custom, the appellant made a projection of whether or not certain students would require private instruction and, if so, to seek qualified private instructors for enumerated students. To this end, the appellant selected private instructors who entered into contracts to teach specified num *781 bers of students at $70.00 per student. Each private instructor was paid by check from funds earmarked for the benefit of Miami-Dade Junior College, North Campus, and they negotiated the checks. In fact, there was no requirement for an outside instructor and no students were assigned to either private instructor by the appellant. As a result thereof, either the private instructors contacted the appellant or he contacted them and received the return of the monies they had been advanced, purportedly to teach non-existent pupils. The appellant did not return the money, but deposited the funds in his personal account.
The information charged the appellant with violation of § 811.021, Fla.Stat., F.S.A. The appellant initially entered a plea of not guilty and waived jury trial. There is some indication that at the time of the trial the not guilty plea was withdrawn, and the appellant entered a plea of nolo contendere. Following the adjudication and sentence, this appeal was prosecuted. The appellant urges two points for reversal: (1) The sufficiency of the evidence; (2) Whether the State correctly proved the ownership of the funds allegedly feloniously taken by the appellant.
The only issue raised by the appellant’s assignments of error is that of the sufficiency of the evidence upon which appellant was convicted. A review of the record and the reasonable inferences therefrom reveals evidence to support a judgment of conviction and, therefore, this court should affirm. Sharon v. State, Fla.App.1963, 156 So.2d 677; Crum v. State, Fla.App.1965, 172 So.2d 24; Walden v. State, Fla.App.1966, 191 So.2d 68; Richburg v. State, Fla.App.1967, 199 So.2d 488.
The appellant also asserts that, whatever he may have been guilty of, he was not guilty of the offenses enumerated in the information. He then attempts to distinguish his activities from the several forms of larceny and its variations, which existed before the passage of § 811.021, Fla.Stat., F.S.A. We find this to be of no avail. See: Valassakis v. State, Fla.App.1966, 187 So.2d 74, wherein the following is found:
* * * * * *
“ * * * It has been said that the obvious purpose of statutes like the one under consideration here is to avoid the pitfalls of pleading where a defendant might escape a conviction for one offense by proof he had committed another. * * * ”
Ifc i}i Sji #
The appellant contends that the State chose to proceed under the common law definition of larceny. This does not appear. The State chose to proceed under § 811.021, Fla.Stat., F.S.A. If the appellant desired to have the offense stated with greater precision, he could have asked for a bill of particulars as provided in § 811.021 (5), Fla.Stat., F.S.A. In order to convict a person under § 811.021, Fla.Stat., F.S.A., it is not necessary that the elements of common law larceny be proven, nor need it be shown that the property was obtained through fraud or false pretenses. It is enough to prove that the defendant “ * * secretes, withholds or appropriates to his own use, or that of any other person other than the true owner, * * * the property in question.” § 811.021(1) (a), Fla.Stat., F.S.A.; Gaynor v. State, Fla.App.1967, 196 So.2d 19; Hunt v. State, Fla.App.1967, 200 So.2d 212.
As to the second point [regarding the ownership of the funds], not only was no objection made in the trial court to the introduction of this evidence [Walker v. State, 152 Fla. 455, 13 So.2d 4; Montalvo v. State, Fla.App.1963, 154 So.2d 713; Simpson v. State, Fla.App.1968, 211 So.2d 862; Kiraly v. State, Fla.App.1968, 212 So.2d 311], but it appears that counsel for the appellant stipulated that the funds belonged to the entity described in the information and no objection nor assignment *782 of error was filed. This point is found not to he well taken and the judgment here under review is hereby affirmed.
Affirmed.