### STATE v. MAIRS.
No. 75-302.
Circuit Court, Lake County.
October 6, 1975.

Gordon G. Oldham, Jr., State Attorney, for the state.
John M. Robertson, Orlando, for the defendant.

W. TROY HALL, Jr., Circuit Judge.

This matter came on to be heard on September 30, 1975 on the defendant's request for more specific response by the state to his motion for statement of particulars heretofore filed and heretofore voluntarily answered by the state.

The defendant, James F. Mairs, is charged in a nine count direct information with having committed the felony offense of grand larceny on May 13, 1974 by stealing, taking, carrying away, and converting to his own use money of another, of a value of more than $100, being the property of the person or corporation recited in said count with intent to deprive the owner thereof in violation of Florida Statute 811.021. In due course of discovery the defendant filed a motion for statement of particulars pursuant to Rule 3.140(n), Florida Rules of Criminal Procedure, wherein the defendant requested the court to enter an order directing the state to furnish a statement of particulars response to the items specifically requested. The state, in due course, filed its answer to the motion, voluntarily responding to each of the twenty-three paragraphs wherein a specific request for statement of particulars was set forth. However, the defendant feels that the state's answers in response to his requests set forth in paragraphs 2, 12, 14, 22, and 23 of his motion were either not answered directly or with the requisite degree of specificity consistent with the state's knowledge. At an earlier hearing on a motion to dismiss in this case, the court directed the counsel for both parties and they agreed, that they would get together and the defendant would point out the precise paragraphs that he felt had not been answered appropriately while at the same time giving supporting case and rule authority so that if the state thought the request was well founded it could voluntarily respond, thereby obviating the need for a formal hearing. Counsel for the defendant indicated that such a meeting was held between attorneys for the state and the defendant, wherein the defendant's position regarding his request for particulars set forth in paragraphs 2, 12, 14, 22, and 23 of his motion was discussed, and the defendant's position regarding the insufficiency of the state's answer was delineated together with the case law and the appropriate rule of criminal procedure which supported the defendant's position. However, the state did not voluntarily answer the aforementioned contested paragraphs of the defendant's motion, but instead chose to rely on its previous voluntary answer to each of the paragraphs and requested a formal hearing on the matter.

*Issue of law involved.*

WHETHER THE STATE SHOULD BE ORDERED TO FILE AN AMENDED ANSWER TO THE DEFENDANT'S MOTION FOR STATEMENT OF PARTICULARS

WHEN A VOLUNTARY ANSWER HAS BEEN FILED
THAT IS ALLEGED TO BE DEFICIENT REGARDING
SPECIFICITY AND SCOPE.

The defendant's position is that its motion for statement of particulars was filed pursuant to Rule 3.140, Florida Rules of Criminal procedure, because the allegations in the information did not inform the defendant of the particulars of the offenses charged sufficiently to enable him to prepare his defense. Further, the defendant feels that the voluntary answers furnished by the state to the defendant's request set forth in paragraphs 2, 12, 14, 22, and 23 of his motion for statement of particulars did not comply with the literal language of Rule 3.140, Florida Rules of Criminal Procedure, which in pertinent part states "Such statement of particulars shall specify as definitely as possible the place, date, and all other material facts of the crime charged that are specifically requested and are known to the prosecuting attorney... Reasonable doubts concerning the construction of this rule shall be resolved in favor of the defendant." The defendant pointed out to the court that additional authority for an order authorizing a statement of particulars appears in Florida Statute 811.021(5) which in essence states that allegations in an information charging a violation of Florida Statute 811.021 shall be generally sufficient if alleged in terms of the statute but does say in pertinent part — "This section shall not be construed as intending to interfere with the power of the court to require the state to furnish the defendant with a bill of particulars in proper cases and on sufficient showing that cause exists for the same." The defendant also cited to the court the case of Thomas v. State, 216 So.2d 780 (3rd Dist. Ct. App. 1969), which holds that if a defendant desires to have the offense stated with greater precision, he may ask for a statement of particulars as provided in Florida Statutes 811.021(5) — and that therefore the defendant is entitled to have the state answer his motion when the requests are made with specificity and notwithstanding a voluntary response when said response does not specifically respond to the particulars specifically requested and within the knowledge of the state.

It is the position of the state that they have voluntarily complied with the request of the defendant set forth in the motion and that they should not be compelled to provide the defense with their theory of the case. United States v. Sklaroff, 232 Fed. Supp. 296 (D.C. Fla. 1971). The state further argued to the court that it had furnished the defendant with taped conversations of witnesses on whose testimony the information was based and allowed defendant's counsel to be present at its depositions of all material witnesses, that it had furnished documentary evidence and had com-

plied with the spirit of discovery as enunciated in the Supreme Court decision of Brady v. Maryland. Consequently, the state feels that having voluntarily responded to the defendant's statement of particulars, it is entitled to rely on its prior response. Peel v. State, 154 So.2d 910 (Second Dist. Ct. App. 1963); Martin v. Karel, 143 So. 317 (Fla. 1932). The state further points out that its response to the motion is simply to give the defendant notice of acts relied upon by the state to establish the crimes charged so that the defendant can properly prepare his case and that the state has furnished sufficient information to put the defendant on notice of the nature and extent of the charge against him. Fitzgerald v. State, 227 So.2d 45 (3rd Dist. Ct. App. 1969); Hunter v. State, 200 So.2d 577 (3rd Dist. Ct. App. 1967). The state further pointed out that it is not required to allege the precise date that the offense was committed, Collier v. State, 156 So. 703 (Fla. 1934), and that the granting or denying of a request for statement of particulars is discretionary with the court. Branch v. State, 80 So. 482 (Fla. 1919).

The court finds that the position of the defendant is well taken because Florida Statute 811.021, which the defendant is charged with having violated, is a consolidated larceny statute embodying the offenses of common law larceny, false pretenses and embezzlement — consequently, it is not apparent from a reading of the information which type of larceny is being alleged. Further, the court finds that the defendant's motion is drawn with precision and makes specific requests for particulars which do not appear on the face of the information, and that the defendant is entitled to have the contested particulars stated with greater precision as is authorized under Florida Statute 811.021(5), Rule 3.140(n), Florida Rules of Criminal Procedure, and the case of Thomas v. State, 216 So.2d 780, 781 (3rd Dist. Ct. App. 1968). The court has examined and considered the position of the state and the court finds that the state has in good faith attempted to comply with its responsibility regarding discovery under the appropriate rules of criminal procedure of the state but that it is not entitled to rely on its previous voluntary answers to the defendant's request for statement of particulars set forth in paragraphs 2, 12, 14, 22, and 23 of his motion. Further, the court finds that the cases cited by the state do not lend support to its position because the cases cited were either decided prior to the current Florida Rules of Criminal Procedure, or are federal decisions which are not applicable because of no corresponding federal rules of criminal procedure authorizing pre-trial discovery. Therefore, the court having heard extensive argument of counsel, considered the applicable law and being otherwise duly advised in the premises, it is ordered and adjudged as follows —

That the defendant's request for a more particular and appropriate response by the state to his request for statement of particulars in paragraphs 2, 12, 14, 22 and 23 of his motion for statement of particulars is granted.

It is further ordered and adjudged that the state is ordered to answer directly paragraph 2 of the defendant's motion for statement of particulars.

It is further ordered and adjudged that the state is directed to answer directly paragraph 12 of the defendant's motion for statement of particulars.

It is further ordered and adjudged that the state is ordered to answer directly paragraph 14 of the defendant's motion for statement of particulars.

It is further ordered and adjudged that the state is directed to answer paragaph 22 of the defendant's motion for statement of particulars and that it is directed to narrow the time frame of the offenses charged with as much precision as possible.

It is further ordered and adjudged that the state is directed to answer paragraph 23 of the defendant's motion for statement of particulars.