374 So.2d 1026 (1979)
Jeri Lee HAUGLAND and Nils Richard Haugland, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 78-502, 78-664 and 78-682.
District Court of Appeal of Florida, Third District.
July 31, 1979.
Rehearing Denied September 17, 1979.
*1028 Sheldon Yavitz and Paul Howard Stevens, Haggard & Nevel and Robert Morris Haggard and D. Jeffrey Grate, Miami, for appellants.
*1029 Jim Smith, Atty. Gen. and Susan C. Minor, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and PEARSON and HUBBART, JJ.
HUBBART, Judge.
This is a criminal prosecution for burglary, attempted burglary, receiving stolen property and unlawful possession of burglary tools brought in the Circuit Court for the Eleventh Judicial Circuit of Florida. The defendants were convicted as charged after a jury trial, sentenced by the court to certain prison and jail terms, and have taken this appeal.

I
The first issue presented for review pertains solely to the defendants' convictions for unlawful possession of burglary tools which was based entirely on the fruits of a police search. Briefly stated, the issue is whether it is an unreasonable search and seizure for the police to conduct a warrantless search of luggage in the trunk of a car after (a) the car has been lawfully stopped and the driver and passenger lawfully arrested in the front seat, and (b) the car has been lawfully searched for stolen goods and the luggage in question properly seized from the trunk pursuant to such search. We hold that, in the absence of any other facts establishing exigent circumstances, the search of such luggage is unreasonable under the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 12 of the Florida Constitution, for failure of the police to obtain a valid search warrant for such search. We accordingly, reverse the defendants' convictions for unlawful possession of burglary tools.

A
The facts relevant to this issue are undisputed. On August 1, 1977, at approximately 3:00 p.m., police officers of the City of Miami conducted a surveillance of the defendants Nils and Jeri Lee Haugland, who are husband and wife, at the Marriott Hotel in Miami, Florida. Upon prior police arrangement, the assistant manager of the hotel posed as a guest and engaged the defendant Jeri Haugland in a conversation at the hotel swimming pool wherein he informed her that he was staying in room 132 and was going out for dinner. Two hours later, the police observed both the defendants apparently attempting to break into room 132 and thereafter leaving upon seeing workmen in the parking lot which was adjacent to the room. Shortly thereafter, the defendants returned to the room and once again unsuccessfully attempted to open the door to room 132.
Several minutes later, the police observed the defendants in an automobile attempting to leave the hotel parking lot. The officers stopped the automobile, ordered the defendants out of the automobile and placed them under arrest for attempted burglary. Upon being ordered to stop, the defendant Nils Haugland was observed reaching into his breast pocket and throwing an object to the floorboard. It was a stolen American Express card bearing a name other than that of the defendants and was seized by the police. The police also observed in plain sight and seized two other stolen credit cards on the driver's visor bearing names other than the defendants. The defendant Nils Haugland was searched and a business card bearing the same name as the credit card he threw to the floorboard was seized. The defendants do not contest on appeal the validity of the seizure of these credit cards and business card.
The police thereupon searched the defendants' automobile for stolen property and other evidence of crime. There is no testimony in this record that the police impounded the defendants' automobile or conducted an administrative-type inventory search of the automobile. A search for criminal evidence was conducted and in the trunk the police found a suitcase belonging to the defendants. Without first seeking to obtain a search warrant for this luggage, the police opened the suitcase, searched it and seized a large quantity of keys, a portable key-making machine, and related burglary *1030 tools such as lock picks, screwdrivers and pliers. The fruits of this search formed the basis of the unlawful possession of burglary tools charge herein. The defendants sought to suppress such evidence by a timely pre-trial motion in the trial court. The motion was denied, the defendants were convicted and this appeal follows.

B
The Fourth Amendment to the United States Constitution and Article I, Section 12 of the Florida Constitution guarantees to the people the "right to be secure in their ... effects against unreasonable searches and seizures." Personal luggage such as footlockers or suitcases constitute "effects" within the meaning of these constitutional provisions and may not be subjected to an "unreasonable" search and seizure thereof. There is a strong expectation of privacy which people reasonably entertain with respect to the private contents of their personal luggage and, accordingly, such luggage enjoys independent constitutional protection. Arkansas v. Sanders, ___ U.S. ___, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979); United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); State v. Southwell, 369 So.2d 371 (Fla. 1st DCA 1979).
The law is well-settled that a search of private property conducted by state or federal agents without a duly issued search warrant is per se "unreasonable" within the meaning of the above constitutional provisions  subject only to a few specifically established and well-delineated exceptions justified by absolute necessity. These exceptions have been jealously and carefully drawn and the burden is upon the state to demonstrate their application in a given case which implicit therein requires a showing that the procurement of a search warrant was not feasible because the exigencies of the situation made that course imperative. Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); Hornblower v. State, 351 So.2d 716 (Fla. 1977); Taylor v. State, 355 So.2d 180 (Fla. 3d DCA 1978); Miranda v. State, 354 So.2d 411 (Fla. 3d DCA 1978). This rule has been specifically applied to the search of personal luggage such as a suitcase or a footlocker. Arkansas v. Sanders, ___ U.S. ___, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979); United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); Pomerantz v. State, 372 So.2d 104 (Fla. 3d DCA 1979).

1
In the instant case, the search of the defendants' personal suitcase was conducted by the police without benefit of a search warrant and was therefore presumptively unreasonable. The state argued in the trial court, however, that the search should be upheld as a valid probable cause search of an automobile thereby qualifying as an exception to the search warrant requirement rule under Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), adopted by § 933.19, Fla. Stat. (1977); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). We cannot agree. This same argument was specifically rejected in Arkansas v. Sanders, ___ U.S. ___, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), and United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), under facts remarkably similar to the instant case. Indeed, the state has abandoned this argument on appeal.
It is clear from Sanders and Chadwick that when the police have probable cause to search an automobile, as in the instant case, they are authorized to search the automobile without a search warrant, but the authority to do so does not extend to the search of private luggage contained in the automobile. In the absence of exigent circumstances  such as probable cause to believe that the suitcase contains explosives, weapons, or other substances posing an immediate threat to life or limb  the police must seize the luggage during such a search and thereafter obtain a valid search warrant in order to search it. It is therefore plain that the Carroll  Maroney automobile exception to the search warrant requirement is inapplicable to this case. See State v. Southwell, 369 So.2d 371 (Fla. 1st DCA 1979).

*1031 2
The state also argued in the trial court that the search of the suitcase should be upheld as incident to a valid arrest of the defendants thereby qualifying as an exception to the search warrant requirement rule. State v. Gustafson, 258 So.2d 1 (Fla. 1971). We cannot agree. Although the arrest of the defendants was clearly valid, the search was not incident to the arrest as it went far beyond the physical scope of that which was necessary to effect the arrest. The suitcase in question was found in the trunk of the automobile following an arrest of the defendants in the front seat of the automobile and was therefore far beyond the physical grasp of either defendant at the point of arrest. As such, the search herein cannot be sustained as incident to the defendants' arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); Courington v. State, 74 So.2d 652 (Fla. 1954); State v. Skrobacki, 331 So.2d 376 (Fla. 1st DCA 1976). Indeed, the state has abandoned this argument on appeal as well.

3
In an effort to avoid the clear holdings of the Sanders and Chadwick cases, the state now urges for the first time on appeal that the search herein should be upheld on either one of the two exceptions to the search warrant requirement rule, to wit: as a valid automobile inventory search, South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); Godbee v. State, 224 So.2d 441 (Fla. 2d DCA 1969), or as a valid exigent circumstances search, Raffield v. State, 351 So.2d 945, 947 (Fla. 1977). We must reject this argument.
First, no inventory search was ever accomplished in this case as there was no testimony of any kind to that effect in this record. The police officers all testified that they searched the defendants' automobile for stolen property based on their reasonable belief that the automobile contained such stolen property or other evidence of crime. At no time did they testify that they impounded the defendants' automobile and thereafter conducted a routine inventory search thereof entailing certain necessary paperwork. This was plainly a criminal search and seizure for stolen property and other evidence of crime and cannot be converted into an administrative-type inventory search of an automobile. South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976) (Powell, J., concurring). Indeed, the automobile inventory exception can never be employed as an excuse for conducting, as here, a search of an automobile for evidence of crime. Altman v. State, 335 So.2d 626, 629 (Fla. 2d DCA 1976).
Secondly, we perceive no exigent circumstances on this record which would justify the search of the defendants' suitcase. There is no showing that the suitcase herein contained explosives, weapons or other substances which might pose an immediate threat to life and limb before the police could obtain a valid search warrant. In addition, the police had validly seized the suitcase pursuant to a probable cause search of the automobile and there was no danger that the suitcase would leave the jurisdiction before the police could obtain a search warrant therefor. Absent any such exigent circumstances, it is plain that the search herein was unreasonable and the fruits thereof should have been suppressed by the trial court upon the defendants' timely pretrial motion. See Taylor v. State, 355 So.2d 180, 184 (Fla. 3d DCA 1978).

II
We turn now to the issue of the sufficiency of the evidence to sustain the remaining convictions and sentences entered herein against the defendants. For the reasons which follow, we affirm in part and reverse in part.

A
We have no difficulty in affirming the defendants' convictions for attempted burglary. Although the defendants have appealed these convictions, neither defendant makes any contention in the briefs or oral argument in this cause attacking these *1032 convictions in any way. We, accordingly, affirm the attempted burglary convictions. Inman v. State, 139 Fla. 789, 191 So. 12 (1939); Crum v. State, 172 So.2d 24, 25 (Fla. 3d DCA 1965).

B
We equally have no difficulty in affirming the defendants' convictions for receiving stolen property. The defendant Jeri Lee Haugland does not contest this conviction either in her brief or in oral argument in this cause. Although the defendant Nils Haugland does contest this conviction on appeal based on lack of sufficient evidence, we find no merit in such contention. Upon his arrest, he was found in possession of a stolen credit card belonging to Peggy Joyce Campbell together with various other items of stolen property. Such evidence was, in our view, sufficient to convict him of receiving stolen property as to the Campbell credit card as charged in the information. The fact that the defendant was also charged in the same count with unlawfully receiving another credit card which was not adequately proven on this record does not change this result. See Smith v. State, 228 So.2d 440, 442 (Fla. 2d DCA 1969). Moreover, the element of scienter or guilty knowledge was properly inferable from the defendants' simultaneous possession of other items of stolen property. See State v. Graham, 238 So.2d 618, 621 (Fla. 1970). We, accordingly, affirm the defendants' convictions for receiving stolen property.

C
The defendants burglary convictions, however, must be reversed. The state, contrary to established Florida law, incorrectly pled the ownership of the burglarized premises herein in the landlord-fee title owner rather than the tenant in exclusive possession. Cannon v. State, 102 Fla. 928, 136 So. 695 (1931); Anderson v. State, 356 So.2d 382, 385 (Fla. 3d DCA 1978); Fla.Jur.2d Interim Topics, "Burglary and Housebreaking" § 17 (1955). The information alleges that the defendants committed a burglary of "a certain dwelling located at 1201 N.W. 42 Avenue, apt. 718, the property of the Marriott Corp., as owner and custodian thereof." The evidence clearly establishes that the Marriott Corporation is the fee title owner of the Marriott Hotel located at the above address in Miami, Florida, that said corporation rented room 718 of the Marriott Hotel to Mr. Daniel Alvarez, and that Mr. Alvarez as tenant was in exclusive possession of said room at the time of the burglary. Under well-settled principles of burglary law, the essential element of ownership of the burglarized premises as pled in the information was not established by the proof at trial and the convictions entered thereon cannot stand. Cannon v. State, 102 Fla. 928, 136 So. 695 (1931); see also Holzapfel v. State, 120 So.2d 195 (Fla. 3d DCA 1960).
It is true, as the state argues, that the element of ownership in a burglary prosecution constitutes "any possession which is rightful as against the burglar." Addison v. State, 95 Fla. 737, 741, 116 So. 629, 630 (1928). Such ownership as thus defined, however, must be properly pled and proved as pled. Mitchell v. State, 317 So.2d 465, 466 (Fla. 4th DCA 1975). The state here incorrectly laid the ownership of the burglarized premises solely in the landlord fee-title owner when the proof at trial clearly established that such owner as pled was not in possession of such premises at the time of the burglary. Such was fatal to the state's case. Although a reversal is thereby mandated, such reversal does not bar on double jeopardy grounds a subsequent prosecution for burglary against the defendants on remand in which the ownership element is properly pled. Burnes v. State, 89 Fla. 494, 104 So. 783 (1925).

III
In summary, the defendants' convictions and sentences for attempted burglary and receiving stolen property are affirmed. The defendants' convictions and sentences for unlawful possession of burglary tools are reversed and the cause is remanded to the trial court with directions to discharge *1033 the defendants from the cause. The defendants' convictions and sentences for burglary are reversed without prejudice to the state upon remand to refile a proper burglary information against the defendants so long as the applicable statute of limitations has not run.
Affirmed in part; reversed in part.
PEARSON, Judge, concurring in part and dissenting in part.
I concur in the decision except that I would affirm the defendant's burglary convictions. I would not hold the variance (i.e., corporate owner instead of tenant in possession) fatal. See Clark v. State, 293 So.2d 768 (Fla. 3d DCA 1974).