IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LACY E. LEWIS,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4466

Opinion filed May 15, 2015.

An appeal from an order of the Circuit Court for Alachua County.
Mark W. Moseley, Judge.

Lacy E. Lewis, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Justin D. Chapman, Assistant Attorney
General, Tallahassee, for Appellee.

PER CURIAM.

     Appellant, Lacy E. Lewis, challenges the summary denial of his motion for

postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.

Because the record does not conclusively refute Appellant's claim that counsel was

ineffective for advising him that consent to enter the premises from the

owner/landlord, as opposed to the occupant, was a viable defense, we reverse the

summary denial and remand for an evidentiary hearing on this claim. We affirm the denial of all Appellant's remaining claims without further discussion.

Appellant was charged with aggravated stalking and burglary of a dwelling. At trial, he presented the testimony of the owner of the home that he had permission to enter the home at any time to support his defense that he reasonably believed that he had consent to be in the victim's home. The jury ultimately rejected this defense and found Appellant guilty of both charges. In ground four of his motion, Appellant alleged that prior to trial he turned down a five-year plea offer on the advice of counsel, who allegedly told him that he could not be convicted of burglary because he had the consent of the owner to enter the house. However, the owner for purposes of the burglary statute, from whom consent must be obtained, is the tenant who occupies the burglarized premises. See Anderson v. State, 356 So. 2d 382, 385 (Fla. 1978) ("It is . . . well-settled that a legal tenant who occupies the burglarized premises at the time of the offense is the 'owner' thereof under the burglary statute, not the unoccupying fee title holder or lessor."), disapproved on other grounds by In re M.E., 370 So.2d 795 (Fla. 1979); cf. Haugland v. State, 374 So.2d 1026, 1032 (Fla. 3d DCA 1979) ("The state here incorrectly laid the ownership of the burglarized premises solely in the landlord fee-title owner when the proof at trial clearly established that such owner as pled was not in possession of such premises at the time of the burglary. Such was fatal

2

to the state's case."). Appellant alleged that he would have taken the five-year plea offer had he been advised that consent from the non-occupying homeowner was not a defense to the charge. Because there is nothing in the record which refutes Appellant's allegations of misadvice or prejudice, we reverse and remand the denial of ground four for an evidentiary hearing.

AFFIRMED in part, REVERSED in part, and REMANDED.

LEWIS, C.J., ROWE, and RAY, JJ., CONCUR.