WALTER RIVERS, *alias* SKINNER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.* 78 So. 343

Opinion filed March 7, 1918.

1. An indictment charging murder in the first degree includes the lower degrees of murder as well as manslaughter and the accused may be convicted under such indictment of either degree of murder or of manslaughter of which the evidence may show him to be guilty.

2. If the defendant be convicted of an offense lesser in degree but included within the higher offense charged in the indictment, such verdict shall not be set aside by the court upon the ground that such verdict is contrary to the evidence if the evidence produced in such case would have supported a verdict of guilty of the greater offense.

3. A necessity brought about by a person who acts under its compulsion can not be relied upon to justify his conduct. The aggressor in a personal difficulty, and not reasonably free from fault, can not acquit himself of liability for its consequences on the ground of self defense, unless after having begun the difficulty, he in good faith declines the combat and his adversary has become the aggressor.

4. A sudden transport of passion caused by adequate provocation if it suspends the exercise of judgment, and dominates volition   so as to exclude premeditation and a previously formed design may not excuse or justify a homicide, but may be sufficient to reduce a homicide below murder in the first degree, although the passion does not entirely dethrone the actor's reason.

5. An adequate provocation to cause a sudden transport of passion that may suspend the exercise of judgment and dominate volition so as to exclude premeditation and a previously formed design, is one that is calculated to excite such anger as might obscure the reason or dominate the volition of an ordinary reasonable man.

6. Evidence examined and held sufficient to support a verdict of murder in the second degree.

Writ of Error to Circuit Court for Duval County, George Couper Gibbs, Judge.

Judgment affirmed.

*John E. & Julian Hartridge,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. An-*Assistant, for the State.

JONES, Circuit Judge.—The plaintiff in error was tried in the Circuit Court of Duval County upon an indictment

charging him with murder in the first degree resulting in a conviction of murder in second degree, and seeks reversal of the judgment on writ of error.

There are two assignments of error, one of which questions the sufficiency of the evidence to support a conviction for any offense on the ground that accused acted in self defense.    The other on the ground that the evidence does not support a conviction for any offense greater than manslaughter.

As the sole question relates  to the weight  and legal effect of the evidence it will be proper to set out and discuss the evidence, but no attempt will be made to set it out in detail.    There is some slight conflict in the testimony.    Two witnesses testify that  at the  time of the fatal blow the deceased was making no attempt to assault or injure the accused—one witness besides the accused testified that deceased was the  first to open  his knife, one witness other than accused testified that accused was retreating at the time the fatal blow was struck, but the great weight of the testimony shows conclusively the following state of facts:

That accused and deceased were gambling with dice on the porch of an unoccupied house in Jacksonville, the porch being about six feet from the side walk; that some one notified them that a policeman was approaching and that they ceased gambling  and walked  down the steps quarreling to the sidewalk; it is not shown what was said by either while they were on the porch or while they were going down the steps, when they reached the sidewalk the accused had a pocket knife open in his left hand, there he demanded of the deceased a return of his money, eighty cents was the amount claimed; thereupon deceased replied "I ain't going to give it back to you."    The accused who is left handed then placed his knife in his right

hand and struck the deceased with his left hand a violent blow in the face almost knocking him down. The accused then transferred the knife back to his left hand and stood his ground. The deceased upon recovering from the blow and securing his hat which had been knocked off opened his knife and they rushed towards each other; after parrying each others' strokes for a distance of twenty or twenty-five feet along the sidewalk during which time there were two or three strokes made the accused succeeded in driving his knife into the heart of deceased, who staggered backward and fell into the arms of a policeman who had run up in time to catch deceased as he fell. The deceased died immediately and accused fled down the street with the policeman in pursuit where he was shortly thereafter arrested.

Unlawful homicides in this State are either murder or manslaughter. Murder is divided into first, second and third degrees. Murder in the first degree is the unlawful killing of a human being when perpetrated from a premeditated design to effect the death of the person killed or any human being, or when committed in the perpetration of or in the attempt to perpetrate any arson, rape, robbery or burglary. When the unlawful killing is perpetrated by an act imminently dangerous to another and evincing a depraved mind regardless of human life although without any premeditated design to effect the death of any particular individual, it is murder in the second degree. It is unnecessary to define murder in the third degree as it has no bearing upon this case.

Manslaughter is the killing of a human being by the act, procurement or culpable negligence of another, in cases where such killing shall not be justifiable or excusable homicide nor murder.

An indictment charging murder in the first degree in-

cludes the lower degrees of murder as well as man-slaughter, and the accused may be convicted under such indictment of either degree of murder or manslaughter of which the evidence may show him to be guilty.    If the defendant be found guilty of an offense lesser in degree but included within the higher offense, charged in the indictment, such verdict shall not be set aside by the court upon the ground that such verdict is contrary to the evidence if the evidence produced in such case would have supported a verdict of guilty of the greater offense. Potsdamer v. State, 17 Fla. 895; Reynolds v. State, 34 Fla. 175, 16 South. Rep. 78; McCoy v. State, 40 Fla. 494, 24 South. Rep. 485.

The contention that the accused is not guilty of any offense because he had withdrawn from the combat and that he struck the fatal blow in his lawful self-defense is not sustained by the evidence·    There is no evidence to show that he in good faith declined the combat which he had begun, nothing to show that he used any means or made any effort whatsoever to further avoid the difficulty or avert the necessity of taking life as will appear from a further discussion of the evidence in this opinion, and the fact that deceased resented the assault and battery upon him by advancing upon accused with an open knife under the circumstances as shown by the evidence would not justify accused in taking the life of deceased, because a necessity brought about by a party who acts under its compulsion can not be relied upon to justify his conduct. The aggressor in a personal dififculty, and not reasonably free from fault, can not acquit himself of liability for its consequences on the ground of self defense, unless after having begun the difficulty, he in good faith declines the combat and his adversary has become the aggressor. King v. State, 54 Fla. 47, 44 South. Rep. 941.

Counsel for plaintiff in error contends earnestly in a well prepared brief that the evidence does not show murder in any degree and at best nothing more than manslaughter and cites in support of his argument Whiddon v. State, 64 Fla. 165, 59 South. Rep. 561, where the court said: "A sudden transport of passion caused by adequate provocation, if it suspends the exercise of judgment, and dominates volition, so as to exclude premeditation and a previously formed design may not excuse or justify a homicide, but may be sufficient to reduce a homicide below murder in the first degree, although the passion does not entirely dethrone the actor's reason." Also case of Olds v. State, 44 Fla. 452, 33 South. Rep. 296, where it is said: "An intentional killing may not be murder in the first degree when done in the heat of passion or anger and following a sufficient provocation so close in time as to raise the presumption that it was the result of sudden impulse and without premeditation or when committed under such circumstances as to show that the mind was not fully conscious of its own intention."

Does the evidence in this case show that the killing was the result of a sudden transport of passion caused by an adequate provocation such as to suspend the exercise of judgment and dominate volition so as to exclude premeditation, or does it show that the killing was done in the heat of passion or anger following a sufficient provocation so close in time as to raise the presumption that it was the result of sudden impulse and without predemitation?

There must be an adequate or sufficient provocation to excite the anger or arouse the sudden impulse to kill in order to exclude premeditation and a previously formed design. A man is not permitted to act upon any provocation which he may think sufficient to excuse him from

murder in the first degree in taking human life, merely because it is sufficient to excite his anger and impulse to kill and thereby reduce his crime to manslaughter. It is a well known fact that a person who has never been accustomed to restrain his passions, and who has a depraved mind regardless of the rights of others and of human life, of a cruel, vindictive and aggressive disposition, will seize upon the slightest provocation to satisfy his uncontrolled passions by forming a design to kill and executing the design immediately after its formation, therefore the law lays it down as a rule that an adequate provocation is one that would be calculated to excite such anger as might obscure the reason or dominate the volition of an ordinary reasonable man. Was there any such adequate provocation in this case? The accused and deceased were not special friends, accused testified that he only knew deceased by name; that he had never visited him and never associated with him. It is shown as stated that they were gambling for money—each must have known that he was liable to lose. The accused did lose a trivial sum, less than a dollar, which he says deceased wrongfully took from him, when notified that a policeman was approaching the game was broken up and they walked down the steps quarrelling. The evidence does not show who was doing the talking except that they were quarreling, and does not show what was said by either, although one of the witnesses who was sitting on the steps, says they were "squabbling" as they came down the steps. When the sidewalk was reached the accused had already armed himself with an open knife which he held in his left hand, he then demanded a return of his money, to which deceased replied "I aint going to give it back to you." Accused must have opened his knife with the design of assaulting deceased with it, but there was

no provocation yet to use the knife, one must be created; the deceased had no weapon in his hand, he was making no effort to injure accused, he had the use of only one arm, being disabled in the  other for  all practical purposes—so accused shifts his knife to his right hand and strikes deceased a blow in the face with his left hand, returns the knife to his left hand, stands in his place and awaits results.    Upon recovering from  the  blow which staggered  him backwards deceased  got his  knife and opened it, and they simultaneously  rushed  upon each other and after striking at each other for a few feet along the sidewalk without injury to himself the accused killed deceased by stabbing him in the heart.    After a careful consideration of the evidence we are of the opinion there was no excuse or justification for  the  killing of Henry Rollins by accused.    That there was no sudden transport of passion on the part of accused caused by an adequate provocation, but that the killing was prompted by a cruel, vindictive and domineering disposition  on  the part of accused and that it was committed by an act imminently dangerous to another and evincing a depraved mind regardless of human life. The jury heard the evidence and had the defendant before them and by their verdict said he was guilty of murder in the second degree.    We think the evidence ample to support the verdict, and the judgment is therefore affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.

WEST, J., disqualified.