PEARSON, Judge.
The defendant Ismael Garcia was a co-defendant and co-appellant with Gustavo Triana. However, Garcia’s appeal was heard separately and by a different panel of this Court.
The appellant Garcia was convicted of the crime of manslaughter and was sentenced to 20 years in State Prison. He urges that his conviction and sentence should be reversed on the ground that the evidence was insufficient to establish the crime of manslaughter. Appellant concedes that the decedent was killed by the co-defendant Triana, but contends that there is no showing in the record that the appellant actively participated in the felonious design.
On June 12, 1966, at approximately 10:00 P.M., Robert Lee Brown, the deceased, drove his car into the Kayo gas station. Brown was accompanied by a friend, Johnny Ethridge, who was seated on the passenger side in the front seat of the car. Brown asked the gas station attendant, the defendant Garcia, for a dollar’s worth of gasoline. The defendant Garcia put some gas in Brown’s car.
Ethridge testified that after Garcia put gas in Brown’s car, Brown then gave Garcia a dollar bill. Garcia began saying something in Spanish which Brown and Ethridge could not understand. Brown got out of the car, looked at the gas pump and discovered that the defendant Garcia had put in two dollars’ worth of gas. Brown tried to explain to Garcia that he had only asked for a dollar’s worth of gasoline and that they would have to siphon off the other dollar’s worth from the gas tank. The appellant, Garcia, was unsuccessful in an attempt to siphon the gasoline out of Brown’s car. Brown told Garcia that he would come back later and pay the station, that they could call the police or take down his license number. Garcia continued arguing with the deceased and took down the license number on Brown’s car.
The second gas station attendant on duty, the co-defendant Triana, joined in the argument and then obtained a gun from either his car or the gas station office. Otis Mapp, a customer who was in the gas station at the time, offered to pay the co-defendant Triana the dollar which they claimed Brown owed the station. Triana apparently did not understand Mapp and picked up some bottles and threw them at Brown. Triana then produced a revolver and shot it into the ground. Brown immediately threw up his *342 hands and started retreating. Tnana pointed his gun at Johnny Ethridge who immediately re-entered Brown’s car. .Garcia who was still arguing with Brown got behind Brown and began going through Brown’s pockets and pulling Brown’s pants off. Triana then struck Brown with the gun and shot Brown in the head at close range. Brown fell to the ground dead.
We think that the facts were sufficient to establish an active participation by the appellant Garcia in the crime. See Jimenez v. State, 158 Fla. 719, 30 So.2d 292 (1947); Chaudoin v. State, Fla.App.1960, 118 So.2d 569; Jacobs v. State, Fla.App.1966, 184 So.2d 711.
Appellant relies upon Ryals v. State, 112 Fla. 4, 150 So. 132 (1933). We find the circumstances there reflected to be different in that there was no showing of any participation whatsoever by Ryals in the killing of which he stood convicted. Here it is clear that the appellant not only participated in the affray, but that the jury could reasonably have found from the evidence that the appellant aided the co-defendant in the perpetration of the killing.
It should also be pointed out that all of the other cases relied upon by the appellant are first degree murder cases in which premeditation is essential for conviction.
Manslaughter is the killing of a human being by the act, procurement, or culpable negligence of another, in cases where such killing is not justifiable or excusable homicide, nor murder. Rivers v. State, 75 Fla. 401, 78 So. 343 (1918); § 782.07, Fla.Stat., F.S.A. We find that the necessary requisites for the crime of manslaughter fully appear on this record.
Appellant’s second point is addressed to a claimed deficiency in an instruction. We find that the charge as a whole sufficiently stated the applicable law and affirm upon the principle stated in Peele v. State, 155 Fla. 235. 20 So.2d 120, 122 (1944).
Appellant’s third point urges error in the court’s refusal to declare a mistrial when a witness expressed an opinion on a collateral issue. Our review of the record convinces us that the testimony was not prejudicial to the defendant and that the court did not abuse its discretion in denying the mistrial. See Settles v. State, 75 Fla. 296, 78 So. 287 (1918).
Affirmed.