743 So.2d 116 (1999)
Eusebio Lazaro MEDINA, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-2141.
District Court of Appeal of Florida, Third District.
September 22, 1999.
*117 Bennett H. Brummer, Public Defender, and Maria E. Lauredo, Assistant Public Defender, for appellant.
Robert a. Butterworth, Attorney General, and Lara J. Edelstein, Assistant Attorney General (Fort Lauderdale), for appellee.
Before SCHWARTZ, C.J., and COPE, and GERSTEN, JJ.
PER CURIAM.
Eusebio Lazaro Medina ("defendant") appeals from a conviction and sentence on five counts of sexual battery, burglary, aggravated battery, and kidnaping. The defendant contends: (1) that the trial court erred in denying his motion for a judgment of acquittal on the kidnaping offense; (2) that his burglary conviction must be reversed because the trial court erred in instructing the jury that the commission of a crime within a structure revokes any previous consent to the defendant's presence in the structure, and; (3) that his sentence pursuant to the 1995 criminal guidelines, set forth in chapter 95-184, must be vacated because the guidelines were enacted in violation of Article III, section 6 of the Florida Constitution.
The defendant's first contention is clearly covered and negated by Faison v. State, 426 So.2d 963 (Fla.1983) (asportation of rape victim from kitchen to bedroom of residence sufficient to support kidnaping conviction), and merits no further comment. With regard to the defendant's second contention, we agree that the court erred in providing the instruction at issue. See Marquez v. State, 721 So.2d 1206 (Fla. 3d DCA 1998) (mere fact that defendant commits crime within a structure does not require a finding that permission to enter has been withdrawn to support a burglary conviction). The court's error in this regard, however, was harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The uncontroverted evidence showed that the victim affirmatively withdrew her consent to the defendant's presence within her residence.
Finally, although we do not believe that chapter 95-184 violates the constitution's single-subject requirement, see, Higgs v. State, 695 So.2d 872 (Fla. 3d DCA 1997)(finding a chapter 95-182 constitutional), we follow Trapp v. State, 736 So.2d 736, 24 Fla. L. Weekly D1431 (Fla. 1st DCA June 17, 1999) and Heggs v. State, 718 So.2d 263 (Fla. 2d DCA), rev. granted, 720 So.2d 518 (Fla.1998) in certifying the following question to the Florida Supreme Court as a matter of great public importance:

*118 DOES CHAPTER 95-184 VIOLATE ARTICLE III, SECTION 6 OF THE FLORIDA CONSTITUTION?
The judgment entered below is affirmed in all respects.
Affirmed.