752 So.2d 105 (2000)
Oscar Reynaldo DIAZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-1217.
District Court of Appeal of Florida, Third District.
March 1, 2000.
Bennett H. Brummer, Public Defender, Andrew Stanton, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, Thomas C. Mielke (Ft.Lauderdale), Assistant Attorney General, for appellee.
BEFORE: LEVY, GREEN, and SHEVIN, JJ.
LEVY, J.
The defendant challenges his sentences under the 1995 sentencing guidelines on the ground that Chapter 95-184, the enacting legislation, violated the single subject requirement of the Florida Constitution. Based upon Heggs v. State, 25 Fla.L. Weekly S137, ___ So.2d ___, 2000 WL 178052 (Fla. Feb. 17, 2000), we reverse.
In Heggs, the Florida Supreme Court held that Chapter 95-184, Laws of Florida violated the single subject requirement of the Florida Constitution. Accordingly, Heggs has overruled other cases from this Court which formerly upheld the constitutionality of the 1995 sentencing guidelines. See Johnson v. State, 744 So.2d 559 (Fla. 3d DCA 1999); Gonzalez v. State, 742 So.2d 528 (Fla. 3d DCA 1999); Medina v. State, 743 So.2d 116 (Fla. 3d DCA 1999); Valdes v. State, 728 So.2d 1225 (Fla. 3d DCA 1999).
Furthermore, we find that the date of the defendant's offenses, November 1, 1996, falls within the window period to challenge Chapter 95-184 on the basis that it violates the single subject provision of the Florida Constitution. In Heggs, the *106 Florida Supreme Court noted that "depending on which Section of Chapter 95-184 impacts the person challenging that Chapter law on single subject rule grounds, the applicable window period could open on June 8, 1995 or on October 1, 1995." Heggs v. State, 25 Fla.L. Weekly S137, S140 n. 3, ___ So.2d ___, 2000 WL 178052 (Fla. Feb. 17, 2000). The Heggs Court declined, however, to further rule on when the window period would close. We find that, for the purpose of challenging the constitutionality of Chapter 95-184, the window closed on May 24, 1997, the date on which Chapter 97-97, Laws of Florida, reenacted the provisions contained in Chapter 95-184 as part of the Legislature's biennial adoption of the Florida Statutes. "Once reenacted as a portion of the Florida Statutes, a Chapter law is no longer subject to challenge on the grounds that it violates the single subject requirement of article III, Section 6, of the Florida Constitution." State v. Johnson, 616 So.2d 1, 2 (Fla.1993).
Conceivably, one might argue that the window period for challenging the constitutionality of Chapter 95-184 closed on October 1, 1996, the date on which the amendments to the 1995 sentencing guidelines became effective pursuant to Chapter 96-388. The basis for this argument would be that Section 3 of Chapter 97-97, Laws of Florida, which declares that laws enacted during the 1996 and 1997 regular sessions "are not repealed by the adoption and enactment of the Florida Statutes 1997" and "shall have full effect as if enacted after its said adoption and enactment", operated to reenact all 1996 and 1997 regular session laws as of their effective date. Such a contention would not persuade us for two reasons. First, we find that the quoted language from Section 3 of Chapter 97-97 does not operate to reenact all laws enacted during the 1996 and 1997 regular sessions. Instead, we give the language its plain meaning and find that it merely functions to ensure that all laws enacted during the 1996 and 1997 regular sessions are not repealed by the 1997 biennial adoption of the Florida Statutes and that said laws will remain in effect after said biennial adoption. Second, we find that such an interpretation operates to deprive persons of standing to challenge the constitutionality of Chapter 95-184 after that standing has already been established. As noted above, the Heggs court found that persons have standing to challenge the constitutionality of the 1995 sentencing guidelines beginning on either June 8, 1995 or October 1, 1995, depending on which Section of Chapter 95-184 that person is challenging. Heggs v. State, 25 Fla.L. Weekly S137, S140 n. 3, ___ So.2d ___, 2000 WL 178052 (Fla. Feb. 17, 2000). When the amendments to the 1995 sentencing guidelines became effective on October 1, 1996, under Chapter 96-388, those persons who committed a crime after October 1, 1996, still retained standing to challenge the constitutionality of the 1995 sentencing guidelines. It would be inequitable and absurd for us to now find that, based upon the above quoted language of Section 3 of Chapter 97-97, which was enacted by the legislature almost eight months after the effective date of the amendment in question, the legislature eliminated those persons' standing to challenge the constitutionality of Chapter 95-184. Moreover, it would be equally absurd for us to deny standing to similarly situated persons, who are alleged to have committed a crime after October 1, 1996, but before May 24, 1997, but who chose to challenge the constitutionality of Chapter 95-184 after the enactment of Chapter 97-97 on May 24, 1997.
Therefore, we hold that, for the purpose of challenging the constitutionality of Chapter 95-184, the window closed on May 24, 1997. In so holding, we acknowledge conflict with the Fourth District's opinion in Bortel v. State, 743 So.2d 595 (Fla. 4th DCA 1999), wherein the court held that the window period for challenging Chapter 95-184 closed on October 1, 1996.
*107 Accordingly, we remand to the trial court for resentencing under the guidelines in effect prior to the enactment of Chapter 95-184.
Reversed and remanded.