On Motion for Clarification Granted

PER CURIAM.
The opinion of this Court filed on January 19,2000, is vacated and this opinion is substituted in its stead.
Upon the State’s Notice of Errata and Amended Response we reverse the trial court’s summary denial of defendant’s 3.850 motion, and remand the case to the trial court for hearing on the defendant’s claim that his plea was not voluntary and knowing due to English-Spanish language difficulties between him and his counsel. See Perez v. State, 449 So.2d 407 (Fla. 2d DCA 1984). Additionally, defendant claims that his sentencing under chapter 95-184 violated the single subject rule. See Heggs v. State, — So.2d —, 2000 WL 178052 (Fla. Feb. 17, 2000)(concluding chapter 95-184 for time period at issue violated the single subject rule because it embraced civil and criminal provisions that were not logically connected). The date of defendant’s offenses, stated as May 17 though 18, 1996, fits within the parameters for raising such a claim. See Diaz v. State, 752 So.2d 105 (Fla. 3d DCA 2000); Lee v. State, 739 So.2d 1175 (Fla. 3d DCA 1999). Thus, this claim also should be addressed on remand. Accordingly, the order under review is reversed and the cause remanded.