777 So.2d 983 (2000)
Wilfredo PAZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D98-2499.
District Court of Appeal of Florida, Third District.
March 29, 2000.
Bennett H. Brummer, Public Defender, and Maria E. Lauredo, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Margaret A. Brenan, Assistant Attorney General, for appellee.
Before LEVY, GERSTEN and SHEVIN, JJ.
SHEVIN, Judge.
Wilfredo Paz appeals a judgment of conviction and sentence for second degree murder. We reverse.
On December 24, 1996, Wilfredo and Esmeralda Paz hosted a party. Winton Guillen, and his wife, Mirta, Esmeralda's sister, arrived early December 25. Winton stayed at the Paz's residence after Mirta went home, and drank with Paz. Winton went upstairs to the bathroom. When Paz went upstairs a few minutes later, he noticed that his wife was crying and that she was not wearing any underwear. She did not respond when he asked her what had happened. After Paz looked for Winton upstairs, he went downstairs to the kitchen followed by Esmeralda. She confronted Winton and yelled at him, "Why did you do *984 that? Why did you do that to me?" At that moment, realizing that Winton had sexually assaulted his wife, Paz grabbed a knife from the kitchen counter and stabbed Winton once in the chest; Winton died as a result of the stabbing. The trial court denied Paz's motions for judgment of acquittal for second-degree murder. Paz was convicted of second degree murder and sentenced under the 1995 guidelines.
We agree with Paz's contention that the trial court erred in failing to grant his motions for judgment of acquittal on the second-degree murder charge; the state failed to demonstrate that Paz acted with a "depraved mind regardless of human life" in killing Winton as required under section 782.04(2), Florida Statutes (1995). See Ramsey v. State, 114 Fla. 766, 154 So. 855, 856 (Fla.1934). In Febre v. State, 158 Fla. 853, 30 So.2d 367, 369 (1947), the court described the difference between murder and manslaughter:
The law reduces the killing of a person in the heat of passion from murder to manslaughter out of recognition of the frailty of human nature, of the temporary suspension or overthrow of the reason or judgment of the defendant by the sudden access of passion and because in such case there is an absence of malice. Such killing is not supposed to proceed from a bad or corrupt heart, but rather from the infirmity of passion to which even good men are subject. Passion is the state of mind when it is powerfully acted on and influenced by something external to itself. It is one of the emotions of the mind known as anger, rage, sudden resentment, or terror. But for passion to constitute a mitigation of the crime from murder to manslaughter, it must arise from legal provocation.
In order for the defense of heat of passion to be available there must be "adequate provocation ... as might obscure the reason or dominate the volition of an ordinary reasonable man." Rivers v. State, 75 Fla. 401, 78 So. 343, 345 (1918). See also LaFave & Scott, Substantive Criminal Law, § 7.10 (2d ed. 1986 & Supp.)(examples of reasonable provocation for a crime of passion). Here, the undisputed record evidence reveals a classic case of manslaughter based on adequate legal provocation: Paz killed Winton immediately upon realizing that the victim had sexually assaulted his wife. After Winton went upstairs, Paz followed shortly thereafter and found his wife in a state of undress, crying, and then heard his wife yell at the victim, "Why did you do that to me?" As a matter of law, Paz's sudden act of stabbing the victim immediately after surmising that the victim had sexually assaulted his wife may not be deemed an act evincing a depraved mind regardless of human life, "but rather from the infirmity of passion to which even good men are subject." Febre, 30 So.2d at 369; see Ramsey v. State, 114 Fla. 766, 154 So. 855 (Fla.1934); Martinez v. State, 360 So.2d 108 (Fla. 3d DCA 1978), cert. denied, 367 So.2d 1125 (Fla.1979). Cf. Douglas v. State, 652 So.2d 887 (Fla. 4th DCA)(marital squabbles occurring on day of killing do not constitute reasonable provocation for the crime of passion defense), review denied, 661 So.2d 823 (Fla.1995). Instead, the evidence shows a killing in the heat of passion that occurred when defendant acted in a condition of mind where "depravity which characterizes murder in the second degree [is] absent." Disney v. State, 72 Fla. 492, 73 So. 598, 601 (1916). Therefore, the court should have reduced the charge to manslaughter. Accordingly, we reverse the second degree murder conviction, and remand the cause for entry of a judgment of conviction for manslaughter.
We also vacate Paz's sentence and remand for resentencing. Paz correctly asserts that the court may not resentence him under the 1995 guidelines. See Heggs v. State, 759 So.2d 620 (Fla.2000)(chapter 95-184, enacting the 1995 guidelines, violates the single subject rule). Pursuant to Diaz v. State, 752 So.2d 105 (Fla. 3d DCA 2000), Paz has standing to challenge the constitutionality of the 1995 guidelines on *985 single subject rule grounds; he committed the crime within the window period that closed on May 24, 1997. As in Diaz, we certify conflict with Bortel v. State, 743 So.2d 595 (Fla. 4th DCA 1999)(holding that window period closed on Oct. 1, 1996). Accordingly, we remand for resentencing under the guidelines in effect before the enactment of Chapter 95-184.
Reversed; conflict certified; and cause remanded with directions.