759 So.2d 727 (2000)
Dennis Leon MARTINO, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-477.
District Court of Appeal of Florida, Fifth District.
May 12, 2000.
Rehearing Denied June 16, 2000.
Dennis Leon Martino, Daytona Beach, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
Dennis Leon Martino appeals the summary denial of his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). He is correct that sentences for some of his offenses are invalid because they were imposed under the 1995 version of the sentencing guidelines. The 1995 version was found to be unconstitutional as violative of the single-subject rule in Heggs v. State, 759 So.2d 620 (Fla.2000). Heggs also found that persons sentenced under the invalid guidelines for crimes committed after October 1, 1995 were entitled to seek relief. The court declined to indicate the date of the deadline for seeking relief, but district court opinions have chosen two different dates. In Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998) and Diaz v. State, 752 So.2d 105 (Fla. 3d DCA 2000) May 24, 1997 was chosen. In Bortel v. State, 743 So.2d 595 (Fla. 4th DCA 1999) October 1, 1996 was chosen. Initially, we affirm the sentence in two of his four offenses. Specifically, the offenses in cases 95-17654 and 95-17657 took place before October 1, 1995 and we, thus, affirm the sentences imposed.
However, the offenses in case number 96-1170 took place on October 9, 1995 and in case number 95-25333 took place on October 26, 1995 and are within all of the window periods chosen by the district courts, and we must vacate the sentences in those cases.
One other issue remains. Is Martino entitled to raise the Heggs issue in a motion for post-conviction relief? The supreme court did not discuss this issue. However, two of our sister courts have found that the issue is properly raised in a post-conviction proceeding. See Battle v. State, 755 So.2d 731 (Fla. 4th DCA 2000); Ramirez v. State, 752 So.2d 1246 (Fla. 3d DCA 2000). We choose to follow those decisions. Our decision is buttressed by an analysis of Freshman v. State, 730 So.2d 351 (Fla. 4th DCA 1999) which concluded *728 that a defendant was entitled to Rule 3.800(a) relief when he received an habitualized sentence that relied in part upon chapter 89-280. That chapter was held to have violated the single-subject rule in State v. Johnson, 616 So.2d 1 (Fla. 1993).
We find that the Heggs issue may be raised in a motion for post-conviction relief, vacate Martino's sentences in cases 96-1170 and 95-25333 and remand for resentencing under the 1994 version of the sentencing guidelines, the version enacted prior to chapter 95-184, Laws of Florida.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
THOMPSON and SAWAYA, JJ., concur.