PER CURIAM.
We have for review Medina v. State, 743 So.2d 116 (Fla. 3d DCA 1999), in which the Third District Court of Appeal affirmed Eusebio Lazaro Medina’s convictions and sentences, and certified the following question to this Court as a matter of great public importance:
DOES CHAPTER 95-184, LAWS OF FLORIDA VIOLATE ARTICLE III, SECTION 6 OF THE FLORIDA CONSTITUTION?
We have jurisdiction. See Art. V, § 3(b)(4), Fla Const. Based on our recent decision in Heggs v. State, 759 So.2d 620 (Fla.2000), in which we held chapter 95-184 to be unconstitutional as violative of article III, section 6 of the Florida Constitution, we answer the certified question in the affirmative. Accordingly, we quash that portion of the decision below that affirmed Medina’s sentences. We remand with directions that the sentences be reversed and remanded for resentencing in accordance with the sentencing guidelines in effect before the relevant amendments made in chapter 95-184 became effective.[1]
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents.

. Medina committed the underlying offenses in this case on December 14, 1996, and he therefore has standing to challenge chapter 95-184 on single subject rule grounds. See Trapp v. State, 760 So.2d 924 (Fla.2000). Further, even though Medina failed to raise a single subject rule challenge in the trial court, we find that such challenge may be properly addressed in this case for the first time on appeal. See Heggs v. State, 759 So.2d 620, 623, 624 n. 4 (Fla.2000); cf. Nelson v. State, 748 So.2d 237, 241-42 (Fla. 1999), cert. denied, - U.S. -, 120 S.Ct. 950, 145 L.Ed.2d 825 (2000); State v. Johnson, 616 So.2d 1, 3-4 (Fla.1993).