PER CURIAM.
Kevin P. Higbee appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, Higbee asserts that he was convicted, after a jury trial, of two counts of burglary/possession of stolen property and burglary of a dwelling. He asserts that he committed these crimes after October 1, 1995, and before May 24,1997, and that he was sentenced under the 1995 sentencing guidelines. Higbee contends that these guidelines are unconstitutional because the Legislature’s enactment of chapter 95-184, Laws of Florida, violated the single subject rule of Article III, Section 6, of the Florida Constitution. ■ Higbee therefore argues that his sentences are illegal. He asserts that the unconstitutionality of the 1995 guidelines resulted in his receiving, a longer sentence than he would have received under the 1994 guidelines. He-accordingly asks to be resentenced under the valid guidelines in effect at the time of his offenses.
Higbee’s claim is cognizable in a rule 3.800(a) motion. See Martino v. State, 759 So.2d 727 (Fla. 5th DCA 2000). The trial court denied relief on the ground that Higbee was sentenced on June 24, 1998, outside the window set forth by this court in Heggs v. State, 718 So.2d 263 (Fla. 2d DCA 1998), certified question answered, 759 So.2d 620 (Fla.2000). We reverse.
We acknowledge that in Heggs this court suggested the date of sentencing was dispositive for determining a person’s standing to challenge the constitutionality of chapter 95-184. See 718 So.2d at 264. However, the supreme court, in reviewing our decision, used the date of the, offense (not the date of sentencing) as determinative of a person’s .standing, in connection with its holding that chapter 95-184 violated the single subject rule. See Heggs, 759 So.2d at 627. Further, the supreme court limited relief to those persons adversely affected by the amendments made by chapter 95-184. See id. at 627.
We recently adopted May 24, 1997, as the appropriate closing date in Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000), based, in part, upon the supreme court’s decision in Salters v. State, 758 So.2d 667 (Fla.2000). We accordingly conclude that Higbee has alleged he committed his offenses within the appropriate window and that he has stated a facially sufficient claim for relief which the attachments to the trial court’s order under review do not refute.
We therefore reverse and remand for the trial court to determine whether Hig-bee in fact committed his offenses within the Heggs window and, if so, whether his sentence could not have been imposed under the 1994 guidelines without a departure. If the answers to both of these questions are affirmative, then Higbee must be resentenced in accordance with the valid guidelines in existence at the time he committed his offenses. If the court enters an order declaring resentenc-ing unnecessary, it should attach all documents necessary to reach that conclusion. See Smith.
*1001 Reversed and remanded for further proceedings in accordance with this opinion.
PARKER, A.C.J., and CASANUEVA and SALCINES, JJ., Concur.