PER CURIAM.
We find no merit to the appellant’s argument that his plea agreement with the state should be voided as against public policy and therefore affirm his convictions for trafficking in cocaine. However, in the wake of the Florida Supreme Court’s decision in Heggs v. State, 759 So.2d 620 (Fla.2000); which held Chapter 95-184, enacting the 1995 sentencing guidelines under which the appellant was sentenced, to be unconstitutional; and because appellant’s crime was committed during the operative window period; we must vacate the appellant’s sentence and remand for resentenc-ing under the guidelines which were in effect prior to the enactment of Chapter 95-184. See Trapp v. State, 760 So.2d 924 (Fla.2000); Diaz v. State, 752 So.2d 105 (Fla. 3d DCA 2000). See also Llinas-Flores v. State, 755 So.2d 188 (Fla. 3d DCA 2000); Paz v. State, 25 Fla. L. Weekly D824, - So.2d -, 2000 WL 313567 (Fla. 3d DCA March 29, 2000).
Affirmed in part. Reversed and remanded in part with directions.