764 So.2d 835 (2000)
John B. LANCASTER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1351.
District Court of Appeal of Florida, Fifth District.
August 4, 2000.
*836 John B. Lancaster, Miami, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
John B. Lancaster appeals the trial court's order summarily denying his sworn Rule 3.800(a) motion. We reverse and remand for further proceedings.
Lancaster committed the offense of aggravated battery on December 12, 1996. He pled guilty and was placed on probation. Subsequently, he violated that probation. He alleges that as a result of plea negotiations, he agreed to a prison sentence in the "middle of the guidelines." Ultimately, under that plea agreement he was sentenced to 36 months pursuant to a 1995 scoresheet.
Lancaster now complains that he is entitled to be resentenced with a 1994 scoresheet in light of Heggs v. State, 759 So.2d 620, (Fla.2000). He alleges that he committed his offense during the window period for raising a Heggs claim. He claims that since he was to receive a sentence in the "middle of the guidelines" under the plea agreement, the sentence he received is longer than it would have been had the trial court used a 1994 scoresheet. With a 1994 scoresheet the permitted range allegedly would have been 15.3 to 25.0 months. The state in its response candidly acknowledges that the trial court erred in denying Lancaster's motion on the basis that his claim was not within the window period in light of the recent ruling of the supreme court in Trapp v. State, 760 So.2d 924 (Fla.2000) (window period opened on October 1, 1995 and closed on May 24, 1997, rather than October 1, 1996).
Because Lancaster alleges that he was sentenced within the window period for raising a Heggs claim and further alleges that he is adversely affected by the use of a 1995 scoresheet, he has alleged a prima facie basis for post-conviction relief under Heggs. However, as the state points out, at this juncture it is not certain that Lancaster is necessarily entitled to resentencing under Heggs because the record does not contain such items as the transcripts of the plea and sentencing hearings. The state suggests that in order to determine whether Lancaster is ultimately entitled to relief, it would be necessary for the trial *837 court on remand to prepare a 1994 scoresheet.
Unresolved issues of fact clearly remain in the instant case. As indicated, Lancaster filed a Rule 3.800(a) motion in the instant case, and it is well-settled that Rule 3.850, rather than Rule 3.800(a), is the proper vehicle for raising a claim in the post-conviction context when disputed issues of fact are involved. State v. Callaway, 658 So.2d 983 (Fla.1995). However, as also indicated, Lancaster's instant motion is sworn. Given that circumstance, on remand we direct that the trial court, in addressing whether he is entitled to be resentenced using a 1994 scoresheet under Heggs, treat Lancaster's motion as a Rule 3.850 motion. And if it appears that Lancaster is entitled to relief under Heggs, on remand the state must then be given the opportunity of either going to trial or agreeing that Lancaster be resentenced under a 1994 scoresheet, because the plea agreement was based on a fundamental infirmity. See Rickman v. State, 713 So.2d 1115 (Fla. 5th DCA 1998).
REVERSED AND REMANDED.
COBB, W. SHARP and HARRIS, JJ., concur.