PER CURIAM.
Hickmon appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a).[1] He alleges that he is entitled to relief under Heggs v. State, 759 So.2d 620 (Fla.2000). These allegations are sufficient pursuant to Parker v. State, 767 So.2d 532 (Fla. 5th DCA 2000). The trial court acknowledged that if the longer window period applied, he would reconsider the case. Since the Florida Supreme Court has now ruled the longer window period is the correct one to apply,[2] we reverse and remand for further consideration by the trial court.
REVERSED and REMANDED.
W. SHARP, HARRIS and PLEUS, JJ., concur.

. In Lancaster v. State, 764 So.2d 835 (Fla. 5th DCA 2000), this court addressed the difference in the requirements of rule 3.800(a) motions and rule 3.850 motions, vis a vis Heggs claims. In contrast, Martino v. State, 759 So.2d 727 (Fla. 5th DCA 2000), this court, basically without discussing why, considered a Heggs issue in a rule 3.800(a) motion. The second district also did so in Higbee v. State, 762 So.2d 999 (Fla. 2d DCA 2000), by relying upon Martino. The problem is that while certain claims may be sufficiently raised in a rule 3.800(a) motion, other claims, such as those involving pleas, are much better addressed in rule 3.850 motions. As Lancaster points out, rule 3.850, rather than rule 3.800(a), is the proper vehicle for raising a claim in the post-conviction context when disputed issues of fact are involved. State v. Callaway, 658 So.2d 983 (Fla. 1995). In this case, because the necessary documents are attached, this court has sufficient information to rule upon Hickman's rule 3.800(a) motion.

. See Trapp v. State, 760 So.2d 924 (Fla.2000).