PER CURIAM.
Kenneth Cosby appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Rule 3.800, Florida Rules of Criminal Procedure. Cosby alleges that his offense was committed on April 6, 1997, that he entered a plea of guilty based upon the promise that he would be sentenced in accordance with the low end of the sentencing guidelines, and that he was sentenced under the 1995 guidelines that were declared unconstitutional. See Heggs v. State, 759 So.2d 620 (Fla.2000).
The alleged date of Cosby’s crime was within the window period of October 1, 1995 to May 24, 1997 as established in Trapp v. State, 760 So.2d 924 (Fla.2000). However, Cosby’s own allegations demonstrate that his sentence of 51 months incarceration would not have been a departure under the 1994 guidelines. The supreme court stated that in the sentencing guidelines context, the only persons adversely affected by the unconsti-
*452 tutional 1995 guidelines would be those whose sentences would constitute a departure under the previous version of the guidelines. See Heggs, 759 So.2d at 627.
If Cosby is entitled to any relief, it would be on the basis that his plea agreement was based on a mutual misunderstanding concerning the low end of the guidelines. Factual issues concerning plea agreements must be raised in a sworn Rule 3.850 motion. See Lancaster v. State, 764 So.2d 835 (Fla. 5th DCA Aug.4, 2000). Cosby’s 3.800 motion was not under oath. Because Cosby received a legal sentence, we affirm the order denying his Rule 3.800 motion without prejudice to him to file a Rule 3.850 motion for post-conviction relief.
AFFIRMED WITHOUT PREJUDICE.
PETERSON, GRIFFIN, and SAWAYA, JJ., concur.