GRIFFIN, J.
Defendant, Edward Eastwood [“Eastwood”], appeals the summary denial of his amended motion pursuant to rule 3.850 and/or rule 3.800. Eastwood pled guilty to various felonies in case nos. 97-68 and 97-199 in exchange for a guidelines sentence. Eastwood was sentenced to concurrent terms of twenty years. No direct appeal was filed. Eastwood also pled guilty to violating community control and/or probation in 95-498, 95-506 and 95-553 and received concurrent twenty year sentences in those cases also. Again, no direct appeal was filed.
Eastwood later filed a rule 3.850 motion raising sentencing issues, but the trial court denied the motion because the motion, although under oath, failed to contain any facts and the memorandum which contained facts was not under oath. No appeal of that order was filed. Eastwood then filed the current amended rule 3.850 and/or 3.800 motion. The trial court denied these motions on the merits. We find no error, with one exception pertaining to the 1997 cases.
Eastwood claims that under the 1995 guidelines, the sentence range was between 196.5 and 327.5 months with 240 months being the recommended sentence. He contends, however, that under the 1994 guidelines, which governed sentencing of his 1997 convictions based on Heggs v. State, 759 So.2d 620 (Fla.2000), the range was only 118.6 to 196 months.
Although the trial court found that Eastwood had made a prima facie case for Heggs relief in the 1997 cases, the court denied relief because there was no transcript of his sentencing hearing nor was there a completed scoresheet under the 1994 guidelines. Thus, there were “unresolved issues of fact” which precluded relief under rule 3.800. See, e.g., Lancaster v. State, 764 So.2d 835 (Fla. 5th DCA 2000). The court correctly ruled that a rule 3.850 motion would be untimely, so defendant was denied relief.
We disagree that unresolved factual issues preclude relief under Rule 3.800(a). The question essentially is a legal one: What was the guidelines range under the 1994 guidelines? The State appears to have conceded below that the guidelines were exceeded by ten months, an illegal upward departure which would require correction. Accordingly, we reverse the appealed order on this ground only and *411 remand for determination of a proper sentence within the 1994 guidelines.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
PLEUS, J. and COBB, W„ Senior Judge, concur.