PER CURIAM.
This is an appeal of an order summarily denying a motion under Florida Rule of Criminal Procedure 3.800(a). On appeal from a summary denial, this Court must reverse unless the post-conviction record shows conclusively that the appellant is entitled to no relief. See Fla. R.App. P. 9.141(b)(2)(D).
On December 21, 1993, a jury found defendant Lathio Jenkins guilty of count one, armed robbery with a firearm. On January 20, 1994, Jenkins was sentenced on count one to thirty years in the Department of Corrections, with a ten-year minimum mandatory (after the trial court found him to be a habitual violent felony offender), and a three-year minimum mandatory for the use of the firearm.
On or about October 20, 2006, Jenkins filed a Rule 3.850 motion. The trial court conducted a full evidentiary hearing, and on August 8, 2007, the trial court by written order denied Jenkins’ motion with opinion.
On September 20, 2007, Jenkins filed a motion for jail time credit. In November 2007, he filed an emergency petition for writ of habeas corpus, and in January 2008, he filed a motion to dismiss the information. On July 16, 2008, the trial court found the motion for jail time credit to be insufficient to support the relief prayed and denied this motion without evi-dentiary hearing. On August 1, 2008, Jenkins filed a pro se notice of appeal, appealing the July 16, 2008 order.
Jenkins alleges that he should be awarded 234 days of time served in jail from January 23, 2007, to September 13 or 14, 2007. However, his claim is not cognizable by a Rule 3.800(a) motion because Jenkins is requesting credit for jail time he served after sentencing. Smith v. State, 902 So.2d 351 (Fla. 5th DCA 2005) (“While Rule 3.800(a) provides a vehicle for criminal defendants to address the issues of an illegal sentence, or an incorrect calculation of a seoresheet, or a sentence that does not grant proper credit for time served prior to sentencing, it is not available to address post-sentencing jail credit or gain time issues.”).
Rule 3.800(a) is not the correct vehicle to review post-sentencing jail credit issues. As we held in Salazar v. State, 892 So.2d 545, 547 (Fla. 3d DCA 2005):
If an inmate believes that the Department has not granted correct credit in accordance with the section 921.161 jail certificate, then the inmate must seek relief through the grievance procedure .... After exhausting available remedies through the inmate grievance procedure, if the inmate believes that the Department’s ruling was incorrect, the inmate may then file a petition for writ of mandamus directed to the Department of Corrections.
Accordingly, Jenkins must raise his grievance with the Department of Corrections and exhaust all his administrative remedies. Then, the proper vehicle to request relief would be a petition for writ of mandamus, filed in the Circuit Court for *731 the Second Judicial Circuit, in Tallahassee, Leon County, Florida.
Affirmed.