LAGOA, J.
Eusebio Medina (“Medina”) appeals an order summarily denying his Rule 3.800(a) motion. We affirm in part and reverse in part. Medina raises three grounds for reversal. We find no merit as to grounds two and three. However, on ground one, we reverse the order.
Upon imposition of Medina’s original sentence, the trial court awarded him 566 days credit for time served in jail before sentencing. Subsequently, Medina sought post-conviction relief, arguing that he was entitled to resentencing under the 1994 guidelines pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). On consideration of a certified question from this Court, the Supreme Court agreed with Medina’s position and the cause was remanded for re-sentencing. Medina v. State, 760 So.2d 929 (Fla.2000). At the October 23, 2000, resentencing, the trial court stated that it awarded Medina credit for all time served, but the written sentence only awarded the 566 days credit for time served in jail prior to imposition of his original sentence. Following review of the resentence, Medina sought post-conviction relief addressing credit for time served, including the current motion to correct his sentence as ille *188 gal, which was denied.[1]
On appeal, the State properly concedes that Medina may be entitled to credit for the time he spent in jail prior to resentenc-ing, as reflected in the Miami-Dade County Corrections and Rehabilitation Department certificate. See Kitchen v. State, 20 So.3d 975 (Fla. 4th DCA 2009) (holding that defendant is entitled to credit for time served in jail prior to resentencing). A review of the jail certificates indicates that Medina was not awarded credit for time spent in jail after his original sentence was reversed and before he was resentenced on October 23, 2000.[2] We, therefore, reverse the order in part, and remand for a determination of an award of additional credit for the time Medina served in jail before he was resentenced.[3]
Affirmed in part, reversed in part, and caused remanded for further proceedings.

. Medina also sought this relief in a previously-filed Rule 3.800(a) motion. The motion was denied and this Court affirmed. Medina v. State, 13 So.3d 1065 (Fla. 3d DCA 2009) (table). The trial court denied the present motion on this ground as successive. However, as the State suggests, we may consider this issue pursuant to the manifest injustice exception. See State v. Akins, 69 So.3d 261 (Fla.2011); State v. McBride, 848 So.2d 287 (Fla.2003).

. The record contains two certificates. The certificate concerning pre-resentencing jail time includes the time period from July 20, 2000, until the October 23, 2000, resentenc-ing.

.In his reply, Medina also contends that he did not receive credit for eleven days served in jail after his original sentence was imposed, as shown on the jail certificates. This claim must be addressed by the Department of Corrections. See Salazar v. State, 892 So.2d 545, 547 (Fla. 3d DCA 2005) ("If an inmate believes that the Department has not granted correct [post-sentencing] credit in accordance with the section 921.161 jail certificate, then the inmate must seek relief through the inmate grievance procedure.”); see also Jenkins v. State, 999 So.2d 729 (Fla. 3d DCA 2008).