[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10868

Non-Argument Calendar

_____

ROOSEVELT MONDESIR,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
Julie Jones, in her official capacity,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:18-cv-80513-RLR

———————————

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Roosevelt Mondesir, a Florida prisoner proceeding *pro se*, is serving a total sentence of life imprisonment after a jury found him guilty of attempted first-degree murder and domestic aggravated assault with a deadly weapon. He appeals from the district court's denial of his habeas corpus petition, *see* 28 U.S.C. § 2254, and subsequent Rule 59(e) motion. He argues that the district court erred by failing to look through the state appellate court's *per curiam* affirmance and analyze the state trial court's reasoning, as required by *Wilson v. Sellers*, 138 S. Ct. 1188 (2018).

I

We review *de novo* the district court's denial of a habeas corpus petition. *See McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005). That is, we review *de novo* "the district court's decision about whether the state court acted contrary to clearly established federal law, unreasonably applied federal law, or made an unreasonable determination of fact." *Reed v. Sec'y, Fla. Dep't of Corr.*, 593 F.3d 1217, 1239 (11th Cir. 2010) (quotation marks omitted). In reviewing the district court's rulings, we are mindful that, in essence, we are reviewing the state court's conclusions. *See Peoples v. Campbell*, 377 F.3d 1208, 1224 (11th Cir. 2004). Thus, although a district court's decision is reviewed *de novo*, we must apply deference where appropriate to the final judgment of a state court.

*See Reed*, 593 F.3d at 1239; 28 U.S.C. § 2254(d).  When the last state court to decide a claim does not explain its reasoning, we look through and review the last reasoned state court decision.  *See Wilson*, 138 S. Ct. at 1192.

Mr. Mondesir asserted several ineffective assistance of counsel claims.  To succeed on a claim of ineffective assistance of counsel, a prisoner must prove two things: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The performance prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*  To prove the prejudice prong, a petitioner must show a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.  *See id.* at 694.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that, after a state court has adjudicated a claim on the merits, a federal court may grant habeas relief only if the state court's decision was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d); *White v. Woodall*, 572 U.S. 415, 419 (2014).

Our review of an ineffective assistance claim under § 2254(d) is "doubly" deferential to counsel's performance.  *See Harrington*

*v. Richter*, 562 U.S. 86, 105 (2011). Thus, under § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

## II

As an initial matter, the district court committed *Wilson* error. The clear directive of *Wilson* is to "'look through' the unexplained [state high court] decision to the last related state-court decision that does provide a relevant rationale." 138 S. Ct. at 1192. Here, the last reasoned state-court decision was the state trial court's denial of Mr. Mondesir's Rule 3.850 motion. The district court had to "look through" the state appellate court's per curiam affirmance to that reasoning. Instead, it endeavored to determine what "could have supported" the state appellate court's unreasoned decision on the merits. *See Harrington*, 562 U.S. at 102. Such a hypothetical analysis is not required when the state court record tells us exactly why Mr. Mondesir's Rule 3.850 motion was denied. The district court's failure to review the state trial court's decision was therefore error under *Wilson*.

As in other civil matters, a harmless error in a judgment on a § 2254 petition, which does not affect a party's substantial rights, is not a basis for vacating or modifying that judgment. *See* Fed. R. Civ. P. 61. *See also Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (affirming that the Federal Rules of Civil Procedure apply in habeas proceedings unless they are inconsistent with applicable statutory law).

To prevail, therefore, Mr. Mondesir must show that the district court's error affected his substantial rights. *See Williams*, 510 F.3d at 1293. If the state trial court's denial of his claims was reasonable, any *Wilson* error by the district court was harmless. *See Reed*, 593 F.3d at 1239. That is the case here.

First, the state trial court denied Mr. Mondesir's claim that trial counsel was ineffective for advising him to not testify because the state could not prove premeditation. It concluded that his claim was conclusory because he did not show how his proposed testimony—that he did not intend to set the victim on fire, but upon seeing her was sent into a "blind unreasoning fury"—reasonably would have affected the outcome of his trial. We conclude that the state trial court reasonably ruled that Mr. Mondesir cannot show prejudice under *Strickland*. At trial, the victim testified to an acrimonious breakup leading up to the offense, and Mr. Mondesir luring her to the gas station under false pretenses and exiting his vehicle with a machete and a gas can. Surveillance footage of the entire incident was played for the jury. The victim's uncle testified that, on the day before the offense, Mr. Mondesir left him a voicemail saying, "your niece is playing with fire." Additionally, had Mr. Mondesir testified, he would have been subject to cross-examination. On this record, the state trial court's denial of Mr. Mondesir's first ineffectiveness claim was reasonable.

Second, the state trial court rejected Mr. Mondesir's claim that trial counsel failed to argue the affirmative defenses of "heat of passion" and "voluntary abatement," as inconsistent and not

supported by the evidence at trial. The state trial court concluded that Mr. Mondesir did not have a viable defense under Florida law, and we defer to its interpretation of state law. *See Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005). *See also Paz v. State*, 777 So. 2d 983, 984 (Fla. 3d DCA 2000) ("In order for the defense of heat of passion to be available there must be 'adequate provocation . . . as might obscure the reason or dominate the volition of an ordinary reasonable man.'" (citing *Rivers v. State*, 78 So. 343, 345 (Fla. 1918)); *Smith v. State*, 424 So. 2d 726, 732 (Fla. 1983) (to establish the common-law defense of abatement, "a defendant must show that he abandoned and renounced his intention to kill the victim").

Third, the state trial court denied as speculative Mr. Mondesir's claim that trial counsel was ineffective during the guilt and penalty phases for failing to investigate his mental health issues. The record shows that Mr. Mondesir made threatening remarks the day before the incident leading to the charges, doused the victim in gasoline, struggled with her as she attempted to flee before lighting her on fire, and afterwards showed remorse for his actions. Given this evidence, counsel could have reasonably believed that he could not meet his burden to show that Mr. Mondesir "did not know what he . . . was doing or its consequences . . . [or even if he did,] that what he . . . was doing was wrong." Fla. Stat. § 775.027(1)(b); *Harrington*, 562 U.S. at 105. Furthermore, as the state trial court noted, counsel did present mitigating evidence at sentencing of Mr. Mondesir's mental health

issues. As such, the state trial court's denial of Mr. Mondesir's third ineffectiveness claim was reasonable.

Fourth, the state trial court denied as conclusory Mr. Mondesir's claim that trial counsel failed to convey a 15-year plea offer that he allegedly would have accepted. Mr. Mondesir's claim is refuted by the record, which shows that he rejected plea offers of 20 and 15 years from the state. *See United States v. Smith*, 983 F.3d 1213, 1221 (11th Cir. 2020) (to establish prejudice, a petitioner must show that he would have accepted the plea offer). As to the 15-year offer specifically, he does not refute counsel's statement at sentencing that he had rejected such an offer. Accordingly, the state trial court's denial of Mr. Mondesir's fourth ineffectiveness claim was reasonable.

Finally, the state trial court denied as procedurally barred Mr. Mondesir's claim that the trial court imposed a vindictive sentence because he exercised his right to trial. Mr. Mondesir's claim of trial court error should have been raised in the first instance on direct appeal, which he failed to do, rather than in a Rule 3.850 motion. *See McCrae v. State*, 437 So. 2d 1388, 1390 (Fla. 1983). Additionally, he does not now argue prejudice or a miscarriage of justice to attempt to overcome any procedural default. As such, the state trial court's denial of his fifth claim as procedurally barred under state law precludes federal habeas review of that claim. *See Agan v. Vaughn*, 119 F.3d 1538, 1548-49 (11th Cir. 1997). Furthermore, because any *Wilson* error by the district court was harmless, it did

not abuse its discretion in denying Mr. Mondesir's Rule 59(e) motion. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

In conclusion, the district court's *Wilson* error was harmless. Mr. Mondesir cannot show that this error affected his substantial rights because the state trial court's decision was not contrary to, or did not involve an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts. Because any potential *Wilson* error on the district court's part was harmless, it did not commit any reversible errors by denying Mr. Mondesir's § 2254 petition and Rule 59(e) motion. Accordingly, we affirm.

**AFFIRMED.**